**Earl WYNN, Appellant,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Appellee.**

**No. 9020.**

United States Court of Appeals
Tenth Circuit.

Dec. 20, 1966.

Otto Pluess, III, Oklahoma City, Okl., for appellant.

Charles Nesbitt, Atty. Gen. of Oklahoma, and Charles L. Owens, Asst. Atty. Gen., for appellee.

Before BREITENSTEIN and ALDRICH, Circuit Judges, and KERR, District Judge.

KERR, District Judge.

Appellant is presently confined in the Oklahoma State Penitentiary, McAlester, Oklahoma, serving a sentence of twenty years imposed by the District Court of Muskogee County, Oklahoma. He appeals from the order of the United States District Court for the Eastern District of Oklahoma which denied the writ of habeas corpus on the ground that appellant knowingly and with full understanding of his constitutional rights decided not to exercise his right to appeal from the judgment and conviction.

At the trial by jury, appellant was represented by counsel of his own choosing. He was found guilty of the crime of Robbery with Firearms, and the jury assessed his punishment at twenty years imprisonment. Accordingly, judgment and sentence were pronounced by the court on November 2, 1964. Thereafter appellant filed with the Oklahoma Court of Criminal Appeals a petition for writ of habeas corpus which was denied, that court holding that petitioner raised appealable questions and that habeas corpus is not a substitute for appeal.[1] Subsequently appellant filed another petition for writ of habeas corpus with the Oklahoma Court of Criminal Appeals, alleging he had not perfected his appeal through his ignorance of the law, and asking leave to file an appeal out of time. Pursuant to its Rule 25, the court sent appellant its form of interrogatories which appellant completed and returned to the court. Upon a review of the answers to the interrogatories, the court denied the writ, finding that appellant had been represented by counsel of his own choosing during the trial and at the time judgment and sentence were imposed, that the questions raised in the petition

---

1. Wynn v. Page, Okl.Cr., 401 P.2d 534 (1965).

for writ of habeas corpus were reviewable only by appeal, and that appellant had given no notice of appeal and had made no effort to appeal within the time prescribed by law.

Thereafter appellant filed a petition for writ of habeas corpus with the United States District Court for the Eastern District of Oklahoma. That court appointed counsel to represent appellant, conducted an evidentiary hearing, and entered its order containing its findings and conclusions, and denying the writ. In substance the District Court found that appellant did in fact knowingly forego an appeal of his conviction, fully understanding his constitutional rights in the matter. The court concluded that a habeas corpus proceeding is not a substitute for an appeal, and that it is not available to appellant at such a late date to secure a review of the legality of the evidence used against him at the trial.

■■ It is the state's position that appellant had retained counsel during the trial and that after the judgment and sentence appellant did not make a timely request for a free case-made of the trial proceedings and for the free assistance of counsel.[2] We have said that the time for filing an appeal does not commence to run until the defendant has been advised of his right to appeal and the effective assistance of counsel has been afforded, and that a convicted, confined person may collaterally attack his judgment of sentence if he has not been afforded the assistance of counsel concerning his right of appeal and the exercise thereof.[3]

A full examination of the record on appeal convinces this court that appellant was convicted and confined, that he was not afforded the assistance of counsel concerning his right of appeal and

the exercise thereof, that he did not knowingly forego his right to appeal his conviction, and that he did not fully understand his constitutional rights in the matter. With the help of a friend, appellant retained his own counsel for the trial. Having plead guilty to prior charges filed against him, this was the first time that he stood trial. Appellant did not see his counsel after the verdict was returned and judgment and sentence imposed on November 2, 1964. No one, not even his attorney, advised appellant of his right to appeal the conviction and sentence, of his right to file a pauper's affidavit, and of the proper appellate procedure. Appellant testified that after he was imprisoned he tried to get hold of his trial attorney but not knowing his address appellant wrote to a friend who went to see the attorney and the attorney "wouldn't talk about the case". He further testified at the hearing in the United States District Court for the Eastern District of Oklahoma that he first learned about an appeal from the inmates of the penitentiary which was more than ten days after his conviction, but he had no money to hire an attorney or to provide himself with a transcript of the record of the trial proceedings. He also testified that he knew he had a right to appeal but he didn't know how. It appears that appellant's attorney was of the opinion that no reversible error occurred during the trial and there was no discussion after the trial between counsel and appellant concerning appeal.

■ Well aware that the Federal courts should proceed with caution and with due respect for state processes, we believe we cannot disregard the apparent fact that appellant's fundamental

2. The applicable statutes of the Penal Code of Oklahoma provide that in felony cases the appeal must be taken within three months after the judgment is rendered (22 O.S.1961, § 1054); that notice of appeal must be given in open court either at the time the judgment is rendered or within ten days thereafter (22 O.S.1961, § 1055); and that the case-made must be served on the opposite party within fifteen days after judgment and sentence unless an extension is granted (22 O.S.1961, § 1059; 12 O.S. 1961, §§ 958–963).

3. Hannigan v. United States of America, 10 Cir., 341 F.2d 587 (1965); Chase v. Page, 10 Cir., 343 F.2d 167 (1965).

right to assistance of counsel concerning his right to appeal was not adequately safeguarded. We remand this case to the United States District Court and direct that the case be held in abeyance by said court for not longer than six months from the date of the issuance of the mandate within which time the Oklahoma Court of Criminal Appeals may grant appellant leave to appeal and provide him assistance of counsel and adequate case—made, in which event this proceeding shall thereupon be dismissed. If the Oklahoma Court of Criminal Appeals fails to grant appellant his appeal within said period of time, the writ shall issue discharging petitioner.

Remanded.