**Donnie MELDRUM, O.S.P. #74377,**
**Petitioner,**

**v.**

**The STATE of Oklahoma, Respondent.**

**No. A–14415.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1967.

MEMORANDUM OPINION AND ORDER

BRETT, Judge.

The Presiding Judge of this Court received a letter from the petitioner herein,

which was mailed from the state penitentiary on July 7, 1967, and to which was attached a copy of an Order of the United States District Court for the Eastern District of Oklahoma. Said order was issued after petitioner filed his petition for writ of habeas corpus in that court, in his effort to obtain his release from confinement in the state penitentiary. He is serving a four-year sentence imposed by the district court of Creek County, Oklahoma on October 10, 1966.

With nothing but the United States District Court order before us, we presume petitioner alleged that he had exhausted his state remedies, a fact which the records of this Court do not support.

Recited in the findings of the Honorable United States District Court is the following statement:

"Although it does not appear that the state trial court was at any time advised concerning the petitioner's lack of funds with which to employ counsel and to perfect his appeal, this court is of the opinion that in the circumstances the safe-guarding of the petitioner's constitutional rights required the state court to take the initiative to see that the petitioner was fully informed of his right to file a pauper's affidavit and to the proper appellate procedure, and that the failure of the state court to do so amounts to depriving the petitioner of his constitutional right to due process of law. Wynn v. Page, [10 Cir.] 369 F.2d 930 (1966)."

Following the recitation of the United States District Court's findings, the order recites that issuance of the writ of habeas corpus will be held in abeyance for a period of six months "within which time the Oklahoma State Court of Criminal Appeals may grant the petitioner leave to appeal and provide him with assistance of counsel and an adequate case-made for the appeal * * *."

Soon after the beforementioned "letter and order" was received, the Marshal of this Court was instructed to file said letter

and order, as petitioner's initial request for post-conviction appeal. Thereafter, on August 28, 1967 this Court issued an order which was transmitted to the petitioner, with the forms prepared and printed by this Court for the purpose of filing. for post-conviction appeal, under Rule 26 of this Court, as provided in 22 O.S.A. § 1073. Said order recited as follows:

"NOW, THEREFORE, it is the order of this Court that the forms provided for in Rule 26 of this Court be sent by United States mail to the plaintiff in error herein, in order that he may execute the same and submit them to this Court; and it is further ordered that said forms for Post Conviction Appeal *shall be returned to the office of the Court Clerk of this Court,* Mr. Andy Payne, State Capitol, Oklahoma City, Oklahoma, 73105, *not later than September 29, 1967."* (Emphasis now added)

Attached to, and made a part of said form for post-conviction appeal, is the form generally prescribed as a "Pauper's Affidavit", which must be attested to before a notary public. Included in the instructions, at the head of said form, is the following statement"

"Since every petition for habeas corpus, and/or post conviction appeal must be sworn to under oath, *any false statement of a material fact therein may serve as the basis of prosecution and conviction of perjury.* Petitioner should therefore exercise care to assure that all answers are true and correct." (Emphasis now supplied).

In view of the beforementioned findings and order of the Honorable United States District Court, we have reviewed the records in petitioner's original—and only—case filed in this Court, No.A-14152. We reviewed the records in that case to ascertain whether or not petitioner filed with his pleadings any form of "Pauper's Affidavit"; and whether or not he requested preparation of case-made at public expense. We again determine that petitioner did not file a petition for post conviction appeal,

nor did he file a "pauper's affidavit" and request case made at public expense.

Petitioner's pro se petition, filed in the above-numbered case, is hereafter recited:

"PETITION FOR WRIT OF MANDAMUS AND/OR MOTION FOR EXTENSION OF TIME FOR APPEAL AND MOTION FOR REINSTATEMENT OF APPEAL BOND.

"Comes now Donnie Meldrum, hereinafter called Petitioner, in the above styled cause and shows unto this Honorable Court as follows, to-wit:

1. On or about the 3rd day of October, 1966, your petitioner was tried in the District Court of Creek County, Oklahoma, Case number #6125 C, on the charge of Grand Larceny, before a jury, and was found guilty of said charge and that on the 10th day of October, 1966, petitioner was sentenced to serve four (4) years in the Oklahoma State Penitentiary, by said Court.

2. Petitioner further shows unto this Honorable Court that petitioner gave oral notice, in open court, of appeal, where the Honorable Judge of said court set bond in the amount of three thousand ($3,000.-00) dollars, stating that Petitioner must submit written notice of appeal, before posting bond. Thereupon the petitioner was placed in custody of the Sheriff of Creek County, Oklahoma.

"3. Petitioner further shows unto this Honorable Court that on the morning of the 11th day of October, 1966, less than twenty-four (24) hours after sentencing, and before Petitioner could give written notice of appeal, consult counsel, or post bond, the Sheriff of Creek County, Oklahoma, transported, under protest, Petitioner to the Oklahoma State Penitentiary, where Petitioner was placed in the custody of the Warden of said penitentiary and where petitioner has since remained.

"4. Petitioner further shows unto this Honorable Court that on or about the 15th day of November, 1966, petitioner attempted to post appeal bond in Creek County, Oklahoma, and bond was denied petitioner on grounds, petitioner had let the ten (10) days expire on petitioner's written notice to appeal. Therefore petitioner had no time to move that petitioner be granted an extension of time to perfect an appeal or obtain counsel, to do so for petitioner, or post bond.

"Therefore Petitioner moves this Honorable Court to grant this petitioner in form of 'Writ of Mandamus' *for extension of time for appeal,* and command the District Court of Creek County, Oklahoma, *to allow your petitioner an extension of time for appeal and to reinstate appeal bond in said case."* (Emphasis added.)

Said petition was duly signed and attested by the notary public at the state penitentiary, Helen O. Lee. See: Meldrum v. Dist.Ct., Okl.Cr., 422 P.2d 216.

■ This Court has no authority to extend the statutory requirements for appeal, except under the "Post Conviction Appeal" section, 22 O.S.A. § 1073. Likewise, in the absence of some explanation concerning the nature of a bail-bond, it is presumed such bond presented is a fiduciary bond, as generally set forth in the statutes. It is likewise generally considered that when a defendant can provide his own legal counsel, and pay his bail bondsman for his bond, that such person is not an indigent defendant within the meaning of the statutes. In petitioner's case, this Court has been provided no facts or explanation other than what was stated in the petition recited above.

As stated hereinbefore, when petitioner's letter—with the order attached—was received by the Court, we chose to treat such as petitioner's instigation of his post-conviction appeal. But insofar as the statutory requirements, for request and affidavit for preparation of case-made at public expense, as well as the basic information required to be set out by the post-conviction appeal petition, were not before the Court, the

Court order of August 28, 1967 was issued and transmitted with the prescribed forms to the petitioner.

Insofar as this Court prepared and printed the said post-conviction appeal forms, and provided a supply of such forms at the penitentiary to aid the inmates in the efforts to appeal, we do not consider it an unreasonable requirement that such petition shall be used by anyone making such an appeal.

Notwithstanding the fact that this Court ordered petitioner to submit the properly executed forms, *not later than September 29*, petitioner did not do so. Therefore on October 3, this Court issued its second order, in which petitioner was ordered to file such petition *forthwith;* and further ordered the Warden of the state penitentiary to provide such assistance necessary for Donnie Meldrum, O.S.P. #74377, to comply with the Court's order.

Said order further specifically provides: that failure of petitioner to forthwith submit the post-conviction appeal petition *shall be construed that he has abandoned his appeal to this Court.* The Clerk of this Court indicates that no such petition has been received in his office.

We are, therefore, of the opinion that there is nothing before this Court to be considered, and that petitioner has abandoned the purported appeal of his conviction in the district court of Creek County in case No. 6125-C, by his deliberate, calculated and intentional refusal to comply with the orders of this Court, notwithstanding the beforementioned order of the Honorable United States District Court for the Eastern District of Oklahoma.

In Buchanan v. Page, Okl.Cr., 408 P.2d 560, this Court stated in the second paragraph of the syllabus:

"When the means are available for an inmate in the State Penitentiary to meet the rules of this Court, when making an appeal to the Court, it is incumbent upon said inmate to comply with said rules. Otherwise, the matter will not be considered."

We are further of the opinion that petitioner's purported request for appeal should be, and the same is, therefore, denied; and further, until petitioner files his petition for post-conviction appeal, as provided in the statutes of this State, and as required of every other petitioner in such cases, this Court cannot entertain such appeal; and, further, in the event petitioner considers himself to be an indigent person, and that he is entitled to court appointed counsel, and case-made at public expense, he must file his affidavit forma pauperis, as provided in the statutes of this State.

We are further of the opinion that notwithstanding the findings and order of the Honorable United States District Court for the Eastern District of Oklahoma, (insofar as the transcript of evidence has not been made available to this Court) we fail to see how this petitioner might have enhanced his constitutional rights to a point where he is not required to respond to the orders of this Court. Nor are we able to comprehend why this petitioner should be permitted to avoid the reasonable requirements of the statutes of this State, as they apply in cases of this nature, merely because of the aforesaid United States District Court order.

To permit inmates in the state penitentiary, after having been duly tried and convicted by a jury in the state district court, to jockey the Federal Courts against the State appellate court, while at the same time with adroit calculation flaunting proper orders of this Court—issued to satisfy the alleged constitutional violations—will be making a mockery of our system of jurisprudence. We are of the opinion that petitioners, with some degree of accuracy, must meet the requirements of the State statutes, or to suffer the consequences. We are informed that this petitioner has stated he is not filing such petition for the reason —if he does not get his appeal he will be discharged from the penitentiary by the Federal Court, at his hearing October 23, 1967.

For the reasons hereinbefore stated, petitioner's purported appeal is therefore ordered dismissed.

NIX, P. J., and BUSSEY, J., concur.