Ernest Alfred HAYES, Petitioner-Appellant,

v.

Lake F. RUSSELL, Warden, Tennessee State Penitentiary, Respondent-Appellee.

No. 19088.

United States Court of Appeals Sixth Circuit.

Jan. 17, 1969.

Robert C. Hendon, Jr., Nashville, Tenn., for appellant.

James C. Dale, III, Special Counsel, State of Tennessee, Nashville, Tenn., for appellees.

Before WEICK, Chief Judge, and O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

In appealing from an order of the District Court denying his petition for a writ of habeas corpus, appellant raises two questions, namely: 1) Was appellant denied effective assistance of counsel in the state court where he was convicted of manslaughter; and 2) Did the trial judge in the state court violate the Fourteenth Amendment to the Federal Constitution when he granted to appellant's counsel an extension of ninety days in which to appeal and file a Bill of Exceptions, which extension of time was unauthorized under state law?

 The complaint against appellant's privately retained counsel is that he should have filed a motion for a severance in the state court and should have advised appellant to take the witness stand at the trial. This involved a question of trial strategy. A criminal trial before a jury involves questions of policy and judgment, as well as knowledge of the law. The fact that a different or better result might have been obtained does not mean that the defendant has not had the effective assistance of counsel. A charge of inadequate legal representation cannot prevail unless what was done or not done by the attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court. Schaber v. Maxwell, 348 F.2d 664 (6th Cir. 1965); Horton v. Bomar, 335 F.2d 583 (6th Cir. 1964); O'Malley v. United States, 285 F.2d 733 (6th Cir. 1961). We agree with the District Judge that the record in this case reveals no such situation.

 Nor did the granting of an unauthorized extension of time to appeal by the state court violate the Fourteenth Amendment. Appellant was afforded the remedy of appeal which was available to all litigants when timely exercised. The fact that his attorney and the state court may have been mistaken as to the authority of the court to grant an extension of time, does not raise a constitutional question.

The issues raised in the appeal are so unsubstantial as not to need further argument.

The motion to affirm is granted. Rule 8 of the Sixth Circuit.