(No. 41732.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES COOK, JR., Appellant.

*Opinion filed May 28, 1969.*

JAMES COOK, JR., *pro se.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and LYLE W. ROBBINS, State's Attorney, of Macomb, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The appellant, James Cook, Jr., having entered a plea of guilty in the circuit court of McDonough County on January 12, 1965, to an information charging him with the offense of aggravated battery, was admitted to probation on February 9, 1965. However, on March 3, 1967, following a complaint that he had committed an assault and battery, a hearing was conducted on a petition to revoke probation. The appellant's probation was revoked and he was sentenced to the penitentiary for a term of 4 to 5 years.

On May 3, 1968, the appellant filed a petition seeking relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*), and counsel was appointed to represent him. The trial court, after examining the petition and transcripts of proceedings at his plea and

at the revocation of his probation, denied the petition without an evidentiary hearing, saying that no substantial constitutional question had been presented. He has appealed *pro se* from this denial, contending that under the allegations of his petition an evidentiary hearing should have been ordered.

However we do not reach a consideration of the merit, if any, underlying this appeal. It appears from the record that the appellant is indigent. This is the first appellate review of his conviction and he is here without counsel. While he has not requested this court to appoint an attorney to represent him, we consider that pronouncements of the Supreme Court in *Douglas* v. *California,* 372 U.S. 353, 9 L. Ed. 2d 811; *Swenson* v. *Bosler,* 386 U.S. 258, 18 L. Ed. 2d 33, and *Entsminger* v. *Iowa,* 386 U.S. 748, 18 L. Ed. 2d 501, require the appointment of counsel. Therefore, we vacate the order under which we took this cause under advisement and an order will be entered appointing counsel for the appellant.

*Order taking case vacated.*