**Linda Lea REED, Petitioner-Appellant,**

v.

**Rex T. DUTER, Superintendent, Wisconsin School for Girls, Respondent-Appellee.**

**No. 17546.**

United States Court of Appeals Seventh Circuit.

Sept. 18, 1969.

Joseph F. Preloznik, Madison, Wis. for petitioner-appellant.

Robert W. Warren, Atty. Gen. of Wisconsin, William A. Platz, Sverre O. Tinglum, Asst. Attys. Gen., Madison, Wis., for respondent-appellee.

Before KILEY and FAIRCHILD, Circuit Judges, and MORGAN, District Judge.[1]

ROBERT D. MORGAN, District Judge.

Appellant, now seventeen years of age and confined at the Wisconsin School for Girls, at Oregon, Dane County, Wisconsin, filed her petition for a writ of habeas corpus in the court below seeking to obtain her release from custody. Following a nonevidentiary hearing, the court found that the petition showed neither that the State of Wisconsin did not provide a remedy to appellant nor that available State remedies were ineffective to protect her rights. An order was entered denying her petition upon the ground that appellant had not exhausted her State remedies as required by the provisions of 28 U.S.C. § 2254(b).

This appeal from that decision presents a unique aspect of the always perplexing problem of weighing the adequacy of state court procedures against the constitutional safeguards for protection of the right of indigent persons to liberty. Perusal of this record recalls to mind the truth, sardonically stated many years ago, that the law gives both the rich and the poor the right to sleep under the bridges. We have advanced under our Constitution and the decisions interpretative thereof to the point at which we have drained the sarcasm from that truth and have given it realistic meaning. The criminal convict, solely because of his poverty, cannot be denied rights which the rich may obtain by the combination of their affluence and the operation of law.

Ultimately, the merits of this case must present the issue whether a juvenile offender may, because of her indigency, her minority and certain idiosyncrasies of state law, be denied a right which her adult contemporaries would enjoy. The issue which we face is unique in that we must skirt those ultimate merits because of the procedural background hereinafter related which limits the office of our review to a procedural issue collateral thereto.

1. Judge Morgan is sitting by designation from the Southern District of Illinois.

On April 1, 1968, a petition was filed in the County Court of Milwaukee, Wisconsin, alleging that appellant was a delinquent minor. On April 10, 1968, she was found by the court to be a delinquent minor and committed to the custody of the Department of Social Services of the State of Wisconsin for confinement at the School for Girls until she shall have attained the age of twenty-one years. She was first confined at that institution on April 12, 1968.

Immediately prior to the hearing which led to her confinement, a "voluntary defender" appeared to represent her. Though the record is not clear upon the point, it is a fair inference therefrom that such counsel appeared as an adjunct to established State procedural practice in juvenile cases or pursuant to appointment by the court. The case then proceeded to an immediate hearing to the delinquency finding, and to her commitment to custody.

Neither the court nor her counsel advised appellant that she had a right to appeal that decision. She was not advised of her right to the appointment of counsel for the purpose of pursuing an appeal. No appeal was taken.

In July, 1968, after the expiration of the forty days' period of time for a direct appeal, Sec. 48.47, Wis.Stats. (1967), appellant first sought to invoke post-commitment procedures in the State courts for the review of constitutional questions related to the adjudication of her delinquency. She then filed in the Circuit Court of Dane County (county of confinement) an affidavit of indigency and a petition for the appointment of counsel to assist her in prosecuting the post-commitment remedies available to her. Her petition was predicated upon conclusory allegations that the proceedings which had led to her commitment had not conformed to the constitutional requirements prescribed by the opinion and decision in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527.

On July 26, 1968, the Honorable W. L. Jackman, a judge of the Circuit Court of Dane County, denied her petition without considering the merits thereof. The basis for that order, as therein stated, was that a petition for appointment of counsel should be filed in the appropriate court of the county of appellant's place of residence.

Thereafter, on August 5, 1968, appellant filed an affidavit of indigency and her petition for appointment of counsel in the Circuit Court of Milwaukee County (county of residence). That petition was identical to the petition which she theretofore had filed in Dane County. On August 9, 1968, the Honorable Max Raskin, a judge of the Circuit Court of Milwaukee County, entered an order denying her petition without considering the merits thereof. The basis for that order, therein stated, was that appellant's petition for the appointment of counsel would have to be filed in the county wherein she was confined.

Each of the above petitions was filed *pro se.*

Thereafter, appellant's present appointed counsel, an attorney for Wisconsin Judicare, filed a petition on her behalf in the Supreme Court of the State of Wisconsin, invoking the supervisory powers defined in Art. VII, Sec. 3, of the Wisconsin Constitution, requesting that the court direct the manner in which counsel was to be appointed to assist appellant in preparing and prosecuting a petition for a writ of habeas corpus. That petition was denied, without opinion, on October 1, 1968.

On October 9, 1968, pursuant to directions of the Supreme Court of Wisconsin, appellant, by said attorney, filed her petition for leave to commence an original action for mandamus and other relief against Judge Raskin to compel him to consider the merits of her petition for the appointment of counsel.

On October 10, 1968, the Supreme Court of Wisconsin issued its alternative writ of mandamus, commanding Judge Raskin to appoint counsel for appellant, or, in the alternative, to show cause why

he should not comply with that command of the writ.

On October 17, 1968, Judge Raskin filed a motion to quash the writ of mandamus, based upon the ground that the writ failed to show that he had any legal duty to comply with its command, because it appeared upon the face of the writ that appellant was confined in a county other than Milwaukee County, and that, therefore, the Circuit Court of the latter County had no jurisdiction over appellant. That motion was accompanied by a motion to implead Judge Jackman as an indispensable party to appellant's suit for mandamus.

On the same date, the court entered an order requiring Judge Jackman to show cause, if any, why he should not be made a party to the suit for mandamus.

On October 23, 1968, Judge Jackman filed an affidavit stating, *inter alia,* that the mandamus suit was a controversy between appellant and Judge Raskin, that appellant's petition prayed no relief against any Circuit Judge of Dane County, and that Judge Raskin had no legal right to any relief against the affiant.

No further action had been taken by the Supreme Court of Wisconsin as of June 10, 1969.[2]

The proceeding below was commenced on April 8, 1969, alleging the above chronology of state court proceedings in support of the contention that Wisconsin either did not afford appellant a remedy or that the remedies afforded were ineffectual to protect her federal, constitutional rights. This chronology must be viewed in the light of established Wisconsin procedure in criminal prosecutions.

Counsel must be appointed, upon request, at the expense of the county in which a prosecution arises, for all indigent defendants charged with a criminal offense. Sec. 957.26(1)(2), Wis.Stats. (1967). Provision is made for the appointment of counsel to represent prisoners in the prosecution of proceedings for writs of habeas corpus in the State courts. Sec. 957.26(6), Wis.Stats. (1967). Section 16.51(7), Wis.Stats. (1967), provides that the State shall reimburse counties for all expenses growing out of proceedings on behalf of prisoners in state prisons, in all actions commenced by the State or by prisoners in pursuit of post-conviction remedies, when such proceedings are commenced in the county in which any such prison is located.

In response to the decision in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, the Supreme Court of Wisconsin has construed those statutes as requiring that counsel be appointed as a matter of right for all criminal defendants for the preparation of the first appeal to review a conviction, including the pursuit of certain limited post-conviction remedies in the trial court. McLaughlin v. State, 32 Wis.2d 124, 145 N.W.2d 153, 154–155.[3]

---

2. Pursuant to this court's direction, a full transcript of the records of the Wisconsin Supreme Court in Reed v. Raskin was filed as a supplement to the record on appeal. That transcript was certified under date of June 10, 1969. There is nothing of record to indicate a reason why the Wisconsin Supreme Court has taken no further action. All orders in the case do state, in effect, that there would be no further proceedings nor oral argument except upon the further order of the court. There is nothing in the transcript tending to imply that any delay arose from appellant's fault.

3. The highest court of one sister state has construed *Douglas,* and the later cases of Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33, and Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501, more stringently than does *McLaughlin,* holding that the state must offer to appoint counsel for an indigent appellant upon the first appellate review of a criminal conviction, even though the appellant had docketed his appeal, *pro se,* and had made no request that counsel be appointed. People v. Cook, Ill., May 28, 1969, 248 N.E.2d 95, 96. That decision was rendered upon an appeal from a judgment denying post-conviction relief.

Appellant's allegation, that the basis for the Dane County order denying appointment was the conviction of the judges of the Circuit Court of Dane County that that County could not charge the expenses of appointment of counsel back to the State under Section 16.51 because the Wisconsin School for Girls is not a "prison," as defined by Section 53.01, Wis.Stats. (1967), is not denied.

Appellee contends that the petitions filed by appellant, *pro se*, were insufficient to invoke the jurisdiction of either of the Wisconsin Circuit Courts because they contained no factual allegations showing any constitutional claim having arguable merit. That contention rests upon the context of the issuable paragraph of each petition, as follows:

"4. That during the course of the proceedings that led to petitioner's incarceration, *he* was denied one or more of the following due process requirements as set forth by the United States Supreme Court in the case of In the Matter of Gault, 87 S.Ct. 1428 (1967), namely:

"a. Notice of the charges leveled against *him*;

"b. Right to confrontation and cross-examination of *his* accusers.

"c. Privilege against self-incrimination.

"d. Effective assistance of counsel." (Emphasis supplied)

Appellee stresses the fact that the charges of deprivation of constitutional rights are mere conclusory parrotings of the rights mentioned in the *Gault* opinion, stated alternatively, and that there are no factual allegations to reveal the specific infirmities claimed. Also mentioned is the misuse of the masculine, instead of the feminine, gender.

We are not impressed with this line of argument. The petitions used were form petitions, mechanically produced, which contained a standard text, with blanks to be filled by the petitioner. With the exception of subparagraph "d", the quoted paragraph was included in its entirety in the printed text of the form. Subparagraph "d" of each petition was a handwritten addition to the prepared form. We attach no significance to the misstatement of gender because the form contained neither alternative choices nor any blank to be filled.

■ For the same reason, we attach no importance to the inadequacy of factual statement or the alternative statement of charges of constitutional deprivations. We do not believe that due process would sanction a strict insistence upon the niceties of pleading form where, as here, it appears that a minor was supplied with a printed form, with the blanks therein to be filled, and there is nothing of record to indicate that she had access to any instructive material or aid in the completion of the form.[4]

We do not have to decide whether the *Gault* decision requires that counsel be appointed, upon every juvenile's request, for the preparation and prosecution of petitions for post-commitment relief. In the criminal context, the courts have stated the circumstances of a particular case may be such that the assistance of counsel in post-conviction proceedings may be required, *e.g.*, Dillon v. United States, 9 Cir., 307 F.2d 445, 447–448; United States ex rel. Wissenfeld v. Wilkins, 2 Cir., 281 F.2d 707, 715; United States ex rel. Rush v. York, D. Conn., 281 F.Supp. 779, 785, but they have uniformly held that there is no absolute, constitutional right to representation by counsel in such proceedings. *E.g.*, United States v. Caufield, 7 Cir., 207 F.2d 278, 280; Dillon v. United States, supra, 307 F.2d, at 446; United States ex rel. Wissenfeld v. Wilkins, *supra*. We do

---

4. Appellant did not have access to a transcript of the proceedings which led to her detention when her *pro se* petitions were filed. A transcript is first shown of record to have been available when the same was filed as an exhibit to the petition for a writ of habeas corpus below.

not think that *Gault* necessarily requires a departure from the principle pronounced by those cases.

We have found no precedent directly apposite to the factual circumstances here involved, but there is ample precedent to establish the hallmark which must govern.

■ In the context of criminal review procedures, there is no longer room for doubt that a state may not condition the right of appeal upon the financial ability to pay the costs and expenses thereof, Griffin v. Illinois, 351 U.S. 12, 19–20, 76 S.Ct. 585, 100 L.Ed. 891, or the quality of appellate presentation by denying to the indigent prisoner the right to representation by counsel upon the initial review of a judgment of conviction. Anders v. California, 386 U.S. 738, 741–745, 87 S.Ct. 1396, 18 L.Ed.2d 493; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.

■ Cases involving review procedures other than direct appeal have paralleled that line of decisions to the extent of holding that a state cannot condition the availability of a post-conviction remedy, which its procedural law provides, upon the financial ability to pay the cost of docket fees or a transcript of proceedings sufficient for effective prosecution of such remedy. *E.g.,* Long v. District Court of Iowa, 385 U.S. 192, 194, 87 S. Ct. 362, 17 L.Ed.2d 290; Lane v. Brown, 372 U.S. 477, 483–484, 83 S.Ct. 768, 9 L.Ed.2d 892; Smith v. Bennett, 365 U.S. 708, 712–714, 81 S.Ct. 895, 6 L.Ed.2d 39; Burns v. Ohio, 360 U.S. 252, 256–257, 79 S.Ct. 1164, 3 L.Ed.2d 1209.

■ *Gault* must be construed as incorporating in juvenile court procedures, which may lead to deprivation of liberty, all of the constitutional safeguards of the Fifth and Sixth Amendments to the Constitution of the United States which apply, by operation of the Fourteenth Amendment, in criminal proceedings. The juvenile must be advised of the charges against him, he may not be denied the right to representation by counsel, he must be advised that counsel will be appointed to represent him, upon request, if he be indigent, the privilege against self-incrimination applies, and any finding of delinquency which may lead to deprivation of liberty cannot stand unless such finding be based upon the sworn testimony of his accusers, subject to the full opportunity for cross-examination. In re Gault, 387 U. S. 1, 33–34, 36–37, 41, 49, 55, 57, 87 S. Ct. 1428.[5]

■ We must interpret *Gault,* in the light of constitutional principles pronounced in *Griffin, Anders* and *Douglas,* as requiring that Wisconsin may not deny to appellant the right to an effective review of the proceedings which led to her commitment to custody. She cannot be held accountable for any consequences which might attach to the fact that the immediate avenue for review by direct appeal was lost because of her inaction, since it affirmatively

5. The transcript of the proceedings of the County Court of Milwaukee County upon the petition which led to appellant's incarceration reveals that the court did not advise her as to her constitutional rights in the premises, including the privilege against self-incrimination. The transcript contains nothing to indicate that her "voluntary defendant" had so advised her. Relative to the hearing itself, the transcript reveals the following: Appellant was sworn as a witness and questioned by the court relative to material allegations of the petition filed against her; the petitioner, not identified except by name, answered questions propounded by the court without being first sworn; evidentiary statements were made of record by a person who was not sworn, and not even identified by name, relative to appellant's school attendance; a third witness who was not sworn testified as to the latter subject; the court relied, in part, upon a summary of prior complaints against appellant, most of which had not led to any judicial proceedings against her; and her voluntary defender participated only perfunctorily in the proceedings. An inference may be drawn from the transcript that the petitioner who filed the delinquency petition was a probation officer or other probation office official.

appears that she was never advised that she had the right to appeal and the right to have counsel appointed for that purpose. Equal protection of the laws requires that she have an equal opportunity for a first appellate review, and that such proceeding be effective for the full protection of her constitutional rights. Wisconsin does provide preliminary judicial consideration of merit to claims of error by prisoners and does appoint counsel for indigent adult prisoners upon such claims. See Fairchild, Post Conviction Rights and Remedies in Wisconsin, 1965 Wis.L.Rev., 52, 55 ff. Appellant here has not been able to obtain any consideration on the merits of her petition or of her right to counsel thereon, apparently because of concern by the courts with what public funds would be used to pay for counsel. Under *Gault,* there can be no constitutionally permissible discrimination between the adult prisoner and the juvenile defendant held in state custody.

■ The court below was correct in its holding that appellant has not exhausted the state remedies available, generally, to juvenile confinees. Doubt must persist, however, upon the question of whether or not the circumstances of this case render such state corrective process ineffective to protect appellant's constitutional rights. The record reveals that a proceeding is now pending, unresolved, before the State Supreme Court. The record strongly implies, however, that appellant is entangled in a jurisdictional, procedural web which she might not be able to untangle even with the assistance of counsel. Though the first hypothesis suggests that state remedies are not exhausted, the second indicates that appellant may be caught upon a procedural "treadmill to oblivion," [6] or adulthood, whichever happens first. Her fate may not finally rest upon the inherent ambivalence of the existing circumstances.

For the reasons herein stated, the judgment is reversed and the cause is remanded to the District Court, with directions to that court to retain jurisdiction of the cause and proceed to an evidentiary hearing upon appellant's petition, unless, within a reasonable time to be fixed by the District Court, it shall appear to the satisfaction of the District Court that the State of Wisconsin has furnished to appellant, without cost to her, the assistance of counsel in an effective procedure to test the validity of the commitment to custody.

Reversed and remanded with directions.

---

6. The quoted pharse is used with our apologies to the late Fred Allen.