Charles E. WHITSELL, Petitioner-Appellant,

v.

E. P. PERINI, Superintendent, Marion Correctional Institution, Respondent-Appellee.

No. 19405.

United States Court of Appeals
Sixth Circuit.

Dec. 9, 1969.

Charles E. Whitsell in pro. per.

Paul W. Brown, Atty. Gen., Stephen M. Miller, Asst. Atty. Gen., Columbus, Ohio, on brief for respondent-appellee.

Before EDWARDS and CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by Charles E. Whitsell, petitioner-appellant, from an order of the United States District Court for the Northern District of Ohio, Western Division, denying his petition for a writ of habeas corpus. The appellant is confined in the Marion Correctional Institution at Marion, Ohio, serving a sentence of one to fifteen years. He was tried before a jury and found guilty of forcibly breaking and entering an uninhabited building in the night season with intent to steal property of value.

The appellant claims that he was questioned without an attorney being present in violation of his constitutional rights, that an incriminating statement which was admitted in evidence was elicited during this questioning, that because his counsel refused to object to the admission of this statement his counsel was ineffectual, and that he was arraigned without the benefit of counsel.

The trial judge decided the case without an evidentiary hearing but he had before him the trial transcript as do we.

If there was any questioning of the appellant in the absence of counsel it was without prejudice to his right to a fair trial unless the specific incriminating statement of which he complains was prejudicial to him. See Crooker v. California, 357 U.S. 433, 439–440, 78 S.Ct. 1287, 2 L.Ed.2d 1448; Escobedo v. Illinois, 378 U.S. 478, 491, 84 S.Ct.

1758, 12 L.Ed.2d 977. Except for this one statement the appellant makes no other complaint that any damaging statements brought out in questioning were introduced in evidence.

The testimony to which the appellant objects involves the statement that he did not try to shoot the officer and came about in the following manner:

"Q  Did you have any conversation with this defendant at a later date?

A  Yes, I did.

Q  And what did that conversation consist of?

A  That was on October 18th around four, 4:15, Summit County Jail. Prior to questioning him, informed him of his rights and he said he would rather not talk.  On the way out I asked the subject, 'Man,' I says, 'Why did you try to shoot me?'

Q  What did he say?

A  Didn't try to shoot me.  Could have shot me, he had me in sight but he shot at the bottom of the door, shot at the door."

The district judge held that this was a voluntary statement made after a full warning to the appellant of his rights and not barred by *Escobedo,* supra, and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.  We agree.

The evidence of the appellant's guilt was overwhelming.  The statement in question could not have influenced the jury in the face of the direct evidence which was not disputed.  The defense offered no evidence.  Officer Scalzo testified that three shots were fired through the front door.  Twenty gauge shot gun shells were found in the pocket of the appellant when he was searched after his arrest.  A twenty gauge sawed off shot gun was found in the vicinity of where the appellant and his companion ran after the shots were fired.  Officer Stackler testified that he saw the appellant run out of the entrance way to the front door and that he ran after him and apprehended him.  If we were to assume that the disputed testimony was admitted in violation of the *Miranda* decision, we would hold that, beyond any reasonable doubt, this entire record compels the conclusion that the admission was harmless.  Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705 (1967).

█  The fact that appellant's lawyer did not object to Officer Scalzo's testimony with reference to the shooting would not establish ineffectual representation.  It could have been trial strategy to not focus attention on the statement.  Whether it was or not we do not think one error of judgment by a lawyer in a trial should condemn him.  As we indicated above, it would be too much to expect that any lawyer could get an acquittal of a defendant under the facts of this case.

█  Finally, the appellant complains that he was not represented by counsel at his arraignment.  He pleaded not guilty which was all that a lawyer could have done for him.  No incriminating statements were brought out at the arraignment and later used at the trial.

Finding no error in the record the judgment of the District Court is affirmed.