**Richard Alfonzo LOVE, Petitioner-Appellant,**

v.

**E. P. PERINI, Superintendent Marion Correctional Institution, Respondent-Appellee.**

**No. 19457.**

United States Court of Appeals Sixth Circuit.

Dec. 11, 1969.

Richard Alfonzo Love, in pro. per.

Paul W. Brown, Atty. Gen. of Ohio, Leo J. Conway, Asst. Atty. Gen. of Ohio, Columbus, Ohio, for appellee on brief.

Before WEICK and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by Richard Alfonzo Love, petitioner-appellant, from an order of the United States District Court for the Northern District of Ohio, Western Division denying his petition for a writ of habeas corpus. Love is confined in the Marion Correctional Institution at Marion, Ohio, serving a ten to twenty-five year sentence upon a conviction for armed robbery. The district judge dismissed the petition for failure to exhaust state remedies. (Section 2254, Title 28, U.S.C.)

The sole question before us on this appeal is whether the appellant exhausted his state remedies. We do not reach the merits of his claims which he argues in his brief. If he has not exhausted his state remedies he must pursue his claims by the available remedies in the state courts. If he has exhausted his state remedies we must remand the case to the District Court for an adjudication of the appellant's claims.

The appellant says that he pleaded guilty after being advised by counsel that it would be the best thing for him to do because of incriminating statements he had made. He now claims that the indictment was faulty and defective, and that he was induced by his counsel to plead guilty by a threat that incriminating statements which were obtained in an incustodial examination would be used against him at trial.

In November 1967, the appellant filed a petition to vacate his sentence in the sentencing court, the Common Pleas Court of Cuyahoga County, Ohio, under Ohio's Post Conviction Act. (Section 2953.21 et seq., Ohio Revised Code) He pursued his state remedies no further. There being no trial, the only way the appellant can have a review of the proceedings of his conviction is by a motion in the sentencing court to vacate his plea of guilty and the sentence thereunder.

In Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 524, 69 L.Ed. 1036, the Court said,

> " * * * It has been uniformly held by this court that the sufficiency of an indictment cannot be reviewed in *habeas corpus* proceedings."

See also Kimbro v. Bomar, 333 F.2d 755, 757 (C.A.6). The claim that incriminating statements were illegally taken at an in custody examination is not res adjudicata because there was no trial at which it could have been adjudicated. State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104, and Coley v. Alvis, 381 F.2d 870 (C.A.6), are therefore not applicable. The appellant still has available a delayed appeal (Section 2953.05 Ohio Revised Code) from the denial of his motion to vacate sentence under Ohio's Post Conviction Act. (Section 2953.21 supra) We agree with the district judge that the appellant has not exhausted his available state remedies.

Affirmed.