Stanford **YATES**, Petitioner-Appellant,

v.

**John W. WINGO**, Warden, Kentucky
State Prison, Respondent-
Appellee.

No. 19647.

United States Court of Appeals,
Sixth Circuit.

May 5, 1970.

Stanford Yates, in pro. per.

John B. Breckinridge, Atty. Gen.,
Charles W. Runyan, Asst. Atty. Gen.,

Frankfort, Ky., on brief for respondent-
appellee.

Before WEICK and EDWARDS, Cir-
cuit Judges, and O'SULLIVAN, Senior
Circuit Judge.

WEICK, Circuit Judge.

Petitioner has appealed from an or-
der of the District Court denying, with-
out a hearing, his application for a writ
of habeas corpus.

Petitioner and another man were in-
dicted in the Circuit Court of McCrack-
en County, Kentucky, for the offense of
armed robbery. At his trial before a
jury in the state court he was repre-
sented by counsel appointed by the
court. Petitioner's co-defendant was
acquitted but petitioner was convicted
and sentenced to life imprisonment.
His counsel filed a motion for a new
trial, which was denied. Petitioner al-
leged that he then requested his counsel
to appeal but the lawyer "refused to dis-
cuss an appeal and walked away" from
him. He further alleged that his coun-
sel had abandoned him and he had been
deprived of his right of appeal. He ap-
parently did not inform the Circuit
Court or anyone else of his desire to
appeal. No appeal was ever filed.

In 1964, with the aid of another court-
appointed attorney, petitioner filed a mo-
tion in the Circuit Court to vacate his
sentence, alleging, *inter alia*, that he did
not have the effective assistance of coun-
sel at his trial. In that motion, however,
he made no claim that he had been denied
the right to appeal from his conviction.
The court ruled that petitioner was ade-
quately represented at his trial and that
the other grounds which he stated were
not properly raised by a motion to vacate,
but should have been the subject of a
direct appeal. The Court of Appeals of
Kentucky affirmed the judgment of the
Circuit Court. Yates v. Commonwealth,
386 S.W.2d 450 (Ky.), cert denied, 380
U.S. 988, 85 S.Ct. 1361, 14 L.Ed.2d 280
(1965).

Petitioner then filed a second motion
in the Circuit Court to vacate sentence,

alleging for the first time that he had been denied his right to appeal from his conviction. The court dismissed the motion, finding no newly discovered evidence, and holding that petitioner was precluded from raising that issue by Kentucky law which required the first motion to state all grounds for invalidating the sentence of which the petitioner had knowledge. Petitioner filed a third motion in the Circuit Court to vacate sentence, which motion was denied on August 28, 1967. His appeal therefrom to the Court of Appeals of Kentucky was dismissed on a procedural ground.

■ Petitioner has exhausted his state remedies. Fay v. Noia, 372 U.S. 391, 434–435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ Petitioner filed a petition for habeas corpus in the District Court in 1965, alleging ineffective assistance of counsel. That petition was dismissed. Memorandum Opinion, Civil No. 1538 (W.D.Ky.1965). He subsequently filed the present petition in the District Court. The District Judge dismissed his petition without an evidentiary hearing. Petitioner appealed from this order. We hold that petitioner was entitled to an evidentiary hearing.

Petitioner in his application for a writ of habeas corpus has alleged facts which, if true, constituted a violation of his constitutional rights. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Swenson v. Bolser, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Benoit v. Wingo, 423 F.2d 880 (6th Cir. 1970); Hammershoy v. Commonwealth, 398 S.W.2d 883 (Ky. 1966).

Respondent filed no response to the application for the writ. The factual allegations contained in the application must, therefore, be taken as true. But even if the facts had been controverted, petitioner was entitled to an evidentiary hearing to determine their truth. Machi-

broda v. United States, 368 U.S. 487, 494, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

The judgment of the District Court is vacated and the case is remanded to the District Court for an evidentiary hearing.