4

HENDERSON, APPELLANT, *v.* CARDWELL, WARDEN, APPELLEE.
[Cite as Henderson v. Cardwell (1970), 27 Ohio Misc. 4.]

(No. 19429—Decided May 18, 1970.)

APPEAL: United States Court of Appeals, Sixth District.

*Mr. LeRoy Henderson, in propria persona.*
*Mr. Paul W. Brown,* attorney general, and *Mr. Stephen M. Miller,* for respondent-appellee.

Before PECK and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge. This is an appeal by LeRoy Henderson, petitioner-appellant, from an order of

the United States District Court for the Southern District of Ohio, Eastern Division, denying his petition for a writ of habeas corpus. Henderson was tried before a jury in March of 1959 and was found guilty of breaking and entering an inhabited dwelling in the night season with intent to commit a felony or to steal property of value in violation of R. C. 2907.09. He was sentenced to life imprisonment and is now confined in the Chillicothe Correctional Institution.

This is appellant's third petition in the United States District Court for the Southern District of Ohio. Other efforts to gain his freedom include two applications to file petitions for writs of habeas corpus in the Supreme Court of the United States, three petitions in the Supreme Court of Ohio, motion for leave to appeal to the Court of Appeals of Trumbull County, Ohio, petition for writ of habeas corpus in the Common Pleas Court of Ross County, Ohio, petition to vacate judgment in the Common Pleas Court of Trumbull County and a motion for leave to file a petition *in forma pauperis* in the District Court. Only one of these efforts resulted in an evidentiary hearing and an opinion of the court. This is reported in *Henderson* v. *Maxwell*, 176 Ohio St. 187.

The petition in the first case in the District Court was denied for the reason that the appellant had not exhausted his state remedies. The second one was denied without a hearing for the reason that the appellant failed to establish grounds upon which a writ of habeas corpus could be granted.

Numerous questions were raised by the appellant in his forays into the various courts in which he sought to exploit his claims of violation of constitutional rights. It is difficult to extract from appellant's lengthy and argumentative documents, "petition" and "supplementary questions and brief in support of petition for writ of habeas corpus," specifically what his claims were before the District Court in this case. We address ourselves to the questions presented in the appellant's brief.

The appellant claims that he was convicted on a void

indictment. The district judge held that this question was not decided on its merits in the Supreme Court of Ohio and that he had therefore not exhausted his state remedies. (Title 28, Section 2254, U. S. Code.) It is clear from a reading of the opinion in *Henderson* v. *Maxwell, supra,* that the court did not pass on that question. The appellant alleged in his motion to vacate judgment and sentence that the indictment was void but he did not appeal the denial of this motion.

The appellant's claim, if any he has, is not that he was tried on a void indictment but that a defective indictment was amended by the trial judge immediately before the trial began. The indictment as amended was a valid indictment and we do not understand that the appellant denies this. The indictment as returned by the grand jury was probably defective but we do not consider that it was void. A void indictment would be one which described no offense that existed under the statutes of the state The indictment in question charged the appellant on a date certain with maliciously and forcibly breaking and entering an inhabited dwelling house of Barbara Novosel in the night season "with intent to larceny contrary to R. C. 2907.09." The appellant and his attorney could have had no doubt about the offense with which the appellant was charged. At most it was a defective indictment. The indictment was properly subject to amendment under R. C. 2941.30. See *Stone* v. *Wingo*, 416 F. 2d 857, 859 (C. A. 6) ; *United States* v. *Fruchtman*, 421 F. 2d 1019, Feb. 9, 1970 (C. A. 6).

In *Knewel* v. *Egan*, 268 U. S. 442, 446, 45 S. Ct. 522, 524, 69 L. Ed. 1036, the court said, "* * * It has been uniformly held by this court that the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings." See also *Kimbro* v. *Bomar*, 333 F. 2d 755, 757 (C. A. 6) ; *Via* v. *Perini*, 415 F. 2d 1052 (C. A. 6) ; *Love* v. *Perini*, 418 F. 2d 905 (C. A. 6).

Another claim argued by the appellant in his brief is that he was denied a fair and impartial trial. The district judge held that this question was not decided on the merits

by the Supreme Court of Ohio. We agree. This question was not decided in *Henderson* v. *Maxwell, supra.* Neither was it raised in the motion to vacate judgment in the Common Pleas Court of Trumbull County.

Further, the appellant does not state in his brief or in his pleadings with any particularity in what manner he was denied a fair and impartial trial. We have only his conclusory statements. (As contained in the brief.)

"(T)he prosecutor knowingly permitted the use of inadmissible evidence and perjurious testimony by policemen and state's witnesses pertaining thereto.

"* * *

"(B)y the prosecutor using leading questions to prevent policemen and state's witnesses from perjuring themselves pertaining to the evidence; ineffective assistance of court appointed counsel; by not being able to prepare a defense in securing alibiing witnesses and the prosecutor using that fact that the appellant must be guilty because he would not take the witness stand to defend himself."

Not only has appellant failed to exhaust his state remedies on this question but he has failed to make a case under facts which would warrant a hearing on the charge that he was denied a fair and impartial trial.

Finally, the appellant argues that his constitutional rights were violated because he had ineffective assistance from his court-appointed counsel. It is becoming the universal practice of prisoners in their collateral attacks on their judgments of conviction to charge that they had incompetent counsel. It is a peculiar quirk of the law that lawyers have a responsibility to accept appointments, often without compensation, to defend indigent defendants and that they then must be subjected to the most scurrilous abuse and charge of incompetency if they do not succeed in getting an acquittal of their client by appointment.

The law is not an exact science and lawyers, particularly in the trial of cases, are called upon to exercise judgment. In a given matter of trial strategy, two lawyers might have different views of the course to follow. A lawyer is not to be declared incompetent because his advice in

a given case may in retrospect appear to have been erroneous. We said in *Anderson* v. *Bannan,* 250 F. 2d 654, 655 (C. A. 6),

"A criminal trial before a jury involves questions of policy and judgment, as well as knowledge of the law. In the aftermath of a trial, it is often found that even the most able of counsel may have erred in some respects."

*O'Malley* v. *United States,* 285 F. 2d 733, 734 (C. A. 6); *Hayes* v. *Russell,* 405 F. 2d 859, 860 (C. A. 6); *United States* v. *Meyer,* 417 F. 2d 1020, 1023 (C. A. 8).

The Supreme Court of Ohio in *Henderson* v. *Maxwell, supra,* held that incompetency of counsel could be raised only on appeal and could not be the subject of attack on the judgment of conviction in habeas corpus. The district judge did not pass on this question. We are of the opinion that under some circumstances incompetency of counsel or ineffective assistance of counsel may rise to the level of a violation of federal constitutional rights. *Schaber* v. *Maxwell,* 348 F. 2d 664, 668 (C. A. 6). See also *Powell* v. *Alabama,* 287 U. S. 45, 71, 53 S. Ct. 55, 77 L. Ed. 158.

Primarily, the charges the appellant makes against his attorney are that he failed to make objections, that the appellant now thinks he should have made, at various stages of the procedure. Mere failure to make objections is not sufficient to establish incompetence of counsel. *Whitsell* v. *Perini,* 416 F. 2d 95, decided Dec. 9, 1969 (C. A. 6); *Rivera* v. *United States,* 318 F. 2d 606, 608 (C. A. 9); *Keller* v. *Tinsley,* 335 F. 2d 144, 146 (C. A. 10).

We conclude that the appellant has not established a requirement for a hearing on the question of incompetency of counsel unless his claim, as a part of that charge, that his counsel failed to advise him that he was entitled to an appeal as a matter of right requires one. We said in *Benoit* v. *Wingo,* 423 F. 2d 880, April 3, 1970 (C. A. 6):

"It is no longer open to question that an indigent defendant has a constitutional right under the Fourteenth Amendment to a review of his case on appeal as a matter of right if the same right is extended to nonindigents. *Griffin* v. *Illinois,* 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891;

*Lane* v. *Brown,* 372 U. S. 477, 83 S. Ct. 768, 9 L. Ed. 2d 892; *Burns* v. *Ohio,* 360 U. S. 252, 79 S. Ct. 1164, 3 L. Ed. 2d 1209; *Smith* v. *Bennett,* 365 U. S. 708, 81 S. Ct. 895, 6 L. Ed. 2d 39; *Eskridge* v. *Washington Prison Board,* 357 U. S. 214, 78 S. Ct. 1061, 2 L. Ed. 2d 1269; *United States, ex rel. Diblin,* v. *Follette,* 418 F. 2d 408 (C. A. 2). The indigent is entitled to have counsel to assist him in his appeal, *Douglas* v. *California,* 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811; *Swenson* v. *Bosler,* 386 U. S. 258, 87 S. Ct. 996, 18 L. Ed. 2d 33; *Schwander* v. *United States,* 386 F. 2d 20, 24-25 (C. A. 5); *United States, ex rel. Smith,* v. *McMann,* 417 F. 2d 648 (C. A. 2); *Anders* v. *California,* 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493.''

In *Lewis* v. *Henderson,* 381 F. 2d 523 (C. A. 6), the prisoner had been tried, convicted and sentenced in one case. The prosecutor and the public defender agreed that a second case would be dismissed if no appeal were taken on the first. Although the public defender thoroughly explained this to his client, the client did not understand it and the district judge held that this was a denial of a right to appellate review by state action. We affirmed on the ground that the prisoner had been deprived of a constitutional right under the Fourteenth Amendment.

In *United States, ex rel. Smith,* v. *McMann,* 417 F. 2d 648, cert. den. 397 U. S. 925, 90 S. Ct. 929, 25 L. Ed. 2d 105, the Second Circuit, sitting *en banc,* by a divided court held that the failure of the court to notify a convicted defendant of his right to appeal *in forma pauperis* was state action in denial of a federal constitutional right. The holding in this case overruled a former decision of the Second Circuit holding that the failure of a state court to notify a defendant of his right to appeal *in forma pauperis* was not a violation of due process under the Fourteenth Amendment. *United States, ex rel. Bjornsen,* v. *LaVallee,* 364 F. 2d 489. See also *Gairson* v. *Cupp,* 415 F. 2d 352 (C. A. 9); *Nelson* v. *Peyton,* 415 F. 2d 1154 (C. A. 4); *United States, ex rel. Diblin,* v. *Follette,* 418 F. 2d 408 (C. A. 2); *Reed* v. *Duter,* 416 F. 2d 744, 749-750 (C. A. 7); *United States, ex rel. Maselli,* v. *Reincke,* 383 F. 2d 129 (C. A. 2); *Wynn* v. *Page,*

10

369 F. 2d 930 (C. A. 10); *Yates* v. *Wingo*, —— F. 2d —— (C. A. 6).

In *Henderson* v. *Maxwell, supra,* the court said,

"The question as to whether an accused has been denied his constitutional rights by the failure of his counsel to prosecute an appeal is a question which must be raised by appeal and is not cognizable in an action in habeas corpus."

In our opinion, by the trend of recent decisions, this is not now the law. We conclude that the appellant has exhausted his state remedies on this point.

We remand the case to the District Court with instructions to appoint counsel to represent the appellant and to conduct an evidentiary hearing to determine whether he was denied an appeal by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to an appeal with the aid of counsel. Under the facts of this case, considering the many proceedings that this appellant has already had, we do not hold that he should have a review of his trial and sentence just purely for the sake of such a review.

If the District Court resolves the first question in favor of the appellant he should then inquire further: (1) Are there any disputed facts which, if resolved in favor of the appellant by an appellate court would result in a reversal of the conviction? (2) Are there any legal questions involved in the preliminary proceedings or the trial and sentence that being decided by an appellate court in favor of the appellant would result in a reversal of the conviction? (3) Have any of these questions been decided adversely to the appellant by an appellate court, including the application of the appellant to the Court of Appeals of Trumbull County, Ohio, for a delayed appeal?

If the district judge upon an evidentiary hearing determines that the appellant has been effectively denied an appeal he shall hold the case in abeyance for not longer than ninety days after this opinion becomes final, within which time Ohio may grant appellant leave to appeal with the aid of counsel, in which event this proceeding shall be dis-

missed. If Ohio fails to grant the appellant such appellate leave, a writ discharging the appellant shall issue.

McCREE, Circuit Judge (concurring in part and dissenting in part).

I concur in the opinion of the majority in all respects except one. The majority remands the case to the District Court with instructions to conduct an evidentiary hearing and to determine the following issues: whether appellant failed to appeal his criminal conviction because he was unaware of this right and neither the trial court nor his appointed counsel informed him of his right to an appeal and, if the answer to this question is affirmative, whether there are any meritorious issues he might assert on appeal which have not been decided already in one of the previous post-conviction procedings. I would require the District Court to determine only the first issue, and, if resolved in appellant's favor, to grant the relief indicated in the majority opinion.

To require appellant to demonstrate that he can present meritorious appellate issues creates an invidious discrimination. A defendant who files a timely notice of appeal does not have to sustain this burden. To the contrary, he can raise any issue, regardless of the ultimate determination of its merit. If appellant can establish that he was denied his one appeal as a matter of right only because the trial court or his attorney failed to perform what I consider a constitutionally required obligation, *United States, ex rel. Smith,* v. *McMann* (2d Cir. 1969), 417 F. 2d 648; *Nelson* v. *Peyton* (4th Cir. 1969), 415 F. 2d 1154; *Gairson* v. *Cupp* (9th Cir. 1969), 415 F. 2d 352; *Wynn* v. *Page* (10th Cir. 1966), 369 F. 2d 930, he should not be placed in a worse position. He should be permitted to raise any issue which he and his appointed counsel deem worthy of consideration by the appellate court.