James W. LUNSFORD, Petitioner,

v.

James F. HOWARD, Warden, Kentucky
State Reformatory, Respondent.

United States District Court,
E. D. Kentucky,
Lexington Division.

Sept. 22, 1970.

James W. Lunsford, pro se.

John B. Breckinridge, Atty. Gen.,
Frankfort, Ky., for respondent.

## MEMORANDUM

SWINFORD, District Judge.

This proceeding is before the court on a petition for a writ of habeas corpus. The petitioner, James Lunsford, is presently serving a two year sentence at the Kentucky State Reformatory at La-Grange, Kentucky, imposed by the Boyle County Circuit Court following a convic-

tion of malicious shooting without wounding.

Many of the petitioner's factual allegations are unintelligible. It is therefore difficult to ascertain what legal contentions the petitioner is attempting to assert. The petition generally alleges that; 1) the verdict was contrary to the evidence and law; 2) the evidence was insufficient to support the verdict; 3) the Boyle Circuit Court committed prejudicial errors; 4) appointed counsel gave ineffective assistance; and 5) the petioner was not advised of his constitutional rights prior to police interrogation.

■■ Numerical allegations 1–3 are not grounds for habeas corpus relief. Challenges leveled at the weight of evidence cannot be the subject of a collateral attack. Furthermore, trial irregularities and errors, which are properly matters for appellate review, will not support the issuance of a writ of habeas corpus unless so extraordinarily blatant and prejudicial as to render the judgment void. Allen v. Bannan, 332 F.2d 399 (6 Cir. 1964); Jordan v. Steiner, D.C., 184 F.Supp. 432 (1960).

■■ The petitioner contends his appointed counsel was ineffective and outlines several court room occurrences which supposably exhibit that fact. It is, of course, always possible, through the lucidity of hindsight, to speculate that things may have been handled in a more effective manner. The test of effective assistance, although necessarily subjective, is not based solely upon the quality of representation the attorney rendered. In Scott v. United States, 334 F.2d 72 (6 Cir. 1964) the court held that "only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the court, can a charge of inadequate legal representation prevail." Nothing in the record would establish that the petitioner was not represented in a manner commensurate with his Sixth Amendment right to assistance of counsel.

■ The petitioner contends that he was questioned by the police without being advised of his constitutional rights. The duty to advise an accused of his constitutional rights is only necessary prior to custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Many habeas corpus applicants erroneously perceive the Miranda warnings to be an obligatory step in criminal prosecutions, which if neglected or left out will result in an automatic vitiation of the conviction. The purpose of the Miranda warnings is to protect the evidentiary competence of voluntary confessions or inculpatory statements. Confessions or statements made without the accused having knowledge of his constitutional rights are inadmissible. Moreover if such a statement is admitted in violation of the Miranda decision, it must be shown before relief may be granted to have materially prejudiced the accused's defense. Whitsell v. Perini, 419 F.2d 95 (6 Cir. 1969). The petitioner has not alleged that he made any incriminating statements, or if such statements were made that they were substantively used against him.

■ Among the petitioner's numerous allegations is the claim that he was not afforded a preliminary hearing. A defendant does not have a constitutional right to a preliminary hearing and the absence of such is not a violation of due process. A federal district court may only issue a writ of habeas corpus to a state court prisoner if federal constitutional rights have been violated. Hicks v. People of State of Michigan, 281 F.2d 645 (6 Cir. 1960).

Because the petitioner does not allege facts showing he is in custoy in violation of the constitution of the United States, the petition must be dismissed. An order in conformity with this memorandum is this day entered.