Theodore **MACKEY**, Petitioner-Appellant,

v.

Marion J. **KOLOSKI**, Warden, Ohio Penitentiary, Respondent-Appellee.

No. 18950.

United States Court of Appeals
Sixth Circuit.

July 22, 1969.

---

Donald F. Colegrove (Court Appointed), Cincinnati, Ohio, Beers & Colegrove, Cincinnati, Ohio, on brief, for appellant.

Stephen M. Miller, Asst. Atty. Gen., Columbus, Ohio, Paul W. Brown, Atty. Gen. of Ohio, Columbus, Ohio, on the brief, for appellee.

Before PHILLIPS and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Theodore Mackey, petitioner-appellant, appeals from an order of the United States District Court for the Southern District of Ohio, denying his petition for a writ of habeas corpus. The appellant is serving a life sentence in the Ohio Penitentiary on conviction of a charge of first degree murder.

He was tried and found guilty in 1960 in the Common Pleas Court of Preble County, Ohio by a statutory court composed of three judges. He did not appeal his conviction which he could have done as a matter of right. In July of 1966 he filed a motion in the Preble County Common Pleas Court to vacate his sentence by virtue of Ohio's Post-Conviction Remedy, Ohio Revised Code, Section 2953.21. This motion was denied without a hearing and his appeal to the Second District Court of Appeals was dismissed as not being timely filed. A first petition filed in the District Court for a writ of habeas corpus was dismissed for failure to exhaust state remedies. Section 2254, Title 28, U.S.C. The petitioner then filed a petition for a writ of habeas corpus in the Supreme Court of Ohio. This petition was dismissed for want of jurisdiction. Freeman v. Maxwell, 4 Ohio St.2d 4, 210 N.E.2d 885.

A second petition for a writ of habeas corpus, the one now before us on this appeal, was filed in the District Court for the Southern District of Ohio. The petitioner claimed that his Constitutional Rights were violated in the following manner: 1. He was denied the right to have counsel until after arraignment; 2. a rifle was introduced into evidence which was taken by illegal search and seizure; 3. a coerced confession was introduced into evidence; 4. he was denied the right of counsel on appeal and he was denied access to records for perfecting an appeal. The district judge dismissed the petition on motion of the respondent for the reason that the petitioner had not exhausted his state remedies as required by Section 2254, Title 28, U.S.C.

 There are two possible avenues of further proceedings under the practice of the State of Ohio that are open to the appellant. Both of these potential remedies arise under and by virtue of Ohio Revised Code Section 2953.05 which provides in part, "After the expiration of the thirty day period * * * as above provided, such appeal may be taken only

by leave of the court to which the appeal is taken." Under this section the appellant may apply to the court of appeals for leave to appeal the denial of his motion to vacate the sentence which he filed in the Common Pleas Court of Preble County and he may seek leave to appeal the conviction itself on its merits.

As we said in Terrell v. Perini, decided July 2, 1969, 414 F.2d 1231, and Coley v. Alvis, 381 F.2d 870, the Supreme Court of Ohio has interpreted Ohio Revised Code Section 2953.21 [1] so narrowly that it would afford the appellant no effective remedy. In State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104, the court held that a judgment was not void if the trial court had jurisdiction of the person of the defendant and of the subject matter of the crime charged. It was not voidable if the questions involved were or could have been adjudicated at the trial. Since the trial court had jurisdiction of both the person of the defendant and the subject matter of the indictment and the questions raised by the appellant with the exception of the denial of counsel on appeal could have been adjudicated at the trial, the judgment of conviction is neither void nor voidable under State v. Perry. We hold that the appellant should not be required to apply for a delayed appeal of the denial of his motion to vacate his sentence in order to exhaust state remedies.

We think that an appeal on the merits of the conviction, where available, is an essential to an exhaustion of state remedies. While a delayed appeal on the merits of the conviction under Section 2953.05 is subject to the discretion of the appellate court, it is an available remedy. We can not assume that the Ohio Second District Court of Appeals would deny an application for a delayed appeal of the conviction, particularly where so important a question as coerced

confession is involved. In this respect the appellant alleges that he was held incommunicado from Monday till Saturday, without advice of counsel, during which time he was subject to numerous interrogations. In Terrell v. Perini, supra, recently decided by us, the appellant had exhausted his remedy of direct appeal.

We conclude that while a delayed appeal on the merits of the conviction is open to the appellant he has not exhausted his state remedies.

Affirmed.

---

1. "A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of his rights as *to render the judgment void or voidable under the Ohio Constitution or Constitution of the* *United States*, may file a verified petition at any time in the court which imposed sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence." (Emphasis added).