Wilbur K. VIA, Petitioner-Appellant,

v.

E. P. PERINI, Superintendent Marion Correctional Institution, Respondent-Appellee.

No. 19132.

United States Court of Appeals Sixth Circuit.

Sept. 18, 1969.

John M. Kunst, Jr. (Court Appointed), Cincinnati, Ohio, for appellant.

Stephen M. Miller, Asst. Atty. Gen., Columbus, Ohio, Paul W. Brown, Atty. Gen. of Ohio, Columbus, Ohio, on brief, for appellee.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

William K. Via, petitioner-appellant, appeals from an order of the United States District Court for the Northern District of Ohio, Western Division, denying his petition for a writ of habeas corpus. The appellant is serving two one to fifteen year consecutive sentences upon conviction in the Common Pleas Court of Preble County, Ohio, for breaking and entering of an uninhabited building in the night season. (Ohio Revised Code Section 2907.10.) The appellant was indicted on two counts of breaking and entering in the night season and one count of an assault with a dangerous weapon.

The appellant's petition was on a form, consisting of questions and an-

swers, furnished by the court. He stated that the concise grounds upon which he based his claim that he was being held in custody unlawfully were:

"(a) Denied right to legal counsel from start to after arraignment of indictment.

"(b) Denied Preliminary Examination by the Common Pleas Court of Preble County, Eaton, Ohio: Tried on three counts, with one jury:

"(c) Denied legal counsel with respect to Post-Conviction Appeal:"

The district judge denied the petition without a hearing.

According to the opinion of the trial judge in the Common Pleas Court, attached to the petition in the District Court, the appellant alleged in his post-conviction petition, "that he was denied the benefit of counsel throughout the interrogation by police and the proceedings in the Municipal Court and arraignment." This is the only claim upon which there has been an exhaustion of state remedies under the postconviction statute (Rev.Code Section 2953.21), so far as the record shows.

We consider the claims, (a), (b) and (c) made by the appellant in his petition in the District Court as enumerated above. (a) and (b) are collateral attacks on the judgment of conviction, except the claim that it was illegal to try three charges under one indictment. They do not involve errors in the actual trial, which rise to the level of violations of federal constitutional rights.

■ As to (a) the appellant does not allege any facts which show that he was prejudiced by not being represented by counsel during the preliminary stages of the procedure. The trial judge stated in his opinion that the preliminary arraignment was in the Common Pleas Court, "where his rights to counsel were explained and the defendant requested that counsel be appointed for him but that he desired to plea (sic) without first consulting an attorney." He pleaded guilty to the charge of breaking and entering the Shipley building, where he

was apparently caught in the act, and not guilty on the other two charges. The judge said he did not believe this guilty plea was offered in evidence. On arraignment on the indictment the appellant was represented by appointed counsel and pleaded not guilty on all three charges and had a jury trial. He was convicted on two charges for which he is now serving time. The appellant shows no basis for the violation of a constitutional right under this claim. See Vitoratos v. Maxwell, 351 F.2d 217, 221 (C. A. 6); Douglas v. Maxwell, 357 F.2d 320, 321 (C.A. 6).

■■ Neither does the appellant allege any facts which would show that he was prejudiced by not having a preliminary hearing prior to indictment. He pleaded not guilty to two charges and no damaging statements were given by him. The plea of guilty to the one charge where he was "caught in the act" apparently was not used against him at the trial. Further, there is no constitutional requirement for a preliminary examination. United States v. Luxenberg, 374 F.2d 241, 247 (C.A. 6); Dillard v. Bomar, 342 F.2d 789, 790 (C.A. 6).

■■ There is no merit to the claim that three offenses were charged in one indictment. This is authorized by Section 2941.04 of the Revised Code of Ohio. The Court may, in the interest of justice, order a severance but we do not find that any objection was made to the indictment or any request made for a severance. Further, the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings. Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036; Kimbro v. Bomar, 333 F.2d 755, 757 (C.A. 6).

■ Neither is there merit to the claim that the appellant was denied legal counsel with respect to his post-conviction appeal. The post-conviction remedy has no relevance to the claims that the appellant's constitutional rights were violated in the procedure which resulted in his conviction for which he was sen-

tenced and under which sentences he is now imprisoned. This is merely a step in the exhaustion of state remedies. None of the claims made by the appellant in his petition was dismissed for failure to exhaust state remedies.

■ Appointed counsel argues in a supplemental brief that the appellant was denied the due process and equal protection of the laws guaranteed by the Fourteenth Amendment for the reason that the trial judge failed to advise him that he could appeal his conviction as a matter of right under Section 2953.05 of the Revised Code of Ohio. This claim was never passed on by any of the state courts in the post-conviction proceedings pursued by the appellant. Nor was it raised in the appellant's petition in the District Court as a basis for granting a writ of habeas corpus.

In answer to the early questions in the question and answer form of petition to the District Court the appellant said that he was not informed that he could appeal. Six questions later where the appellant was given an opportunity to state concisely the grounds upon which he based his allegation that he was held in custody illegally he did not list this as one of his complaints. We do construe these pro se petitions liberally to try to interpret the intent of the petitioner but we think it is asking too much to construe such an answer as this as an allegation of a ground for granting a writ of habeas corpus. The district judge did not so construe it, nor do we.

The appellant still has open to him the right of a delayed appeal under Section 2953.05 of the Revised Code of Ohio. Counsel argues that because a delayed appeal is discretionary with the appellate court it does not have the same effect as an appeal as a matter of right. We can not assume that the state court of appeals will not recognize a meritorious claim on appeal. Anyway, if the appellant exhausts his state remedy on this claim through the channel of delayed appeal to the court of appeals and appeal to the supreme court he can then petition the district court and be in the same position that he would be if this claim were now properly before a federal court. It may be argued that this is a circuitous route but Section 2254, Title 28, U.S.C., requires an exhaustion of state remedies. In Mackey v. Koloski, 413 F.2d 1019, decided July 22, 1969, we held, "that while a delayed appeal on the merits of the conviction is open to the appellant he has not exhausted his state remedies." This claim is denied for the reason that the appellant did not allege it in his petition as a ground for granting a writ and he has not exhausted his state remedies on it.

■ It is also argued by appointed counsel that the District Court erred in not granting appellant's motion for summary judgment when counsel for appellee failed to return the writ on the date ordered by the court and within the maximum time allowed by Section 2243, Title 28, U.S.C. That section provides that a justice or judge, "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*" (Emphasis added.) The district judge held, as do we, that it appears from the appellant's petition that he is not entitled to the writ.

Affirmed.