STATE OF OHIO, APPELLANT, *v.* TROCODARO, APPELLEE.

[Cite as State v. Trocodaro (1973), 40 Ohio App. 2d 50.]

(No. 73AP-269—Decided November 13, 1973.)

Mr. *George C. Smith*, prosecuting attorney, Mr. *Miles C. Durfey*, and Mr. *Ronald J. O'Brien*, legal intern, for appellant.

Mr. *Myron Shwartz*, for appellee.

Gessaman, J. This case is here on appeal by the state from an order of the trial court of this county sustaining a motion of defendant to quash the indictment.

The record discloses that the number of this case in the court of common pleas was 72CR-10-1418A [1418A] and that another case involving this defendant was numbered 72CR-03-543B [543B]. The indictment in this case charges this defendant with a "felony" murder in the first degree (While perpetrating or attempting to perpetrate a robbery.)

The transcript of the docket and journal entries discloses that the indictment in 1418A was filed on October 12, 1972. The "03" in 543B indicates that the indictment in that case was filed in March, 1972. On the facts there is no dispute.

There is no transcript of proceedings in this case. We feel, however, that we may accept the facts set forth in the trial court's "Decision and Entry" of May 30, 1973, as a finding of facts. These disclose that the appellee (the defendant in 543B) was indicted, tried and convicted of "premeditated" murder in the first degree; that the indictments in the two cases were filed "approximately seven months apart"; that case number 1418A was pending when 543B was tried; that the same victim was involved in both charges; that "a motion to elect" was timely filed by the defendant and that the record is silent as to any ruling. The trial court then presumed that the state "by proceeding on the earlier case 'elected.' "

Parenthetically, we should observe that counsel for the appellee, at page 2 of his brief, states that:

"On October 20, 1972, the State filed a motion to consolidate the two indictments.

"On October 30, 1972, the appellee filed a motion in both cases to require the State to elect as to which indictment the State intended to proceed upon.

"The motion to consolidate was overruled by the trial court. The motion to elect was overruled and the State was ordered to trial on the first indictment. * * *"

Counsel for the appellant agree with these statements;

The transcript of the docket and journal entries does not disclose that the trial court's orders were journalized. Obviously they should have been.

In their first assignment of error, counsel for the appellant contend that the trial court erred in quashing the indictment on the authority of R. C. 2941.32. This section is as follows:

"If two or more indictments or informations are pending against the same defendant *for the same criminal act,* the prosecuting attorney must elect upon which he will proceed, and upon trial being had upon one of them, the remaining indictments or information shall be quashed." (Emphasis added.)

It is obvious that the application of this statute turns upon the meaning of the phrase "the same criminal act."

R. C. 2901.01 provides, in part:

"No person shall purposely, and either of deliberate and premeditated malice, *or* by means of poison, *or* in perpetrating or attempting to perpetrate rape, arson, robbery, or burglary, kill another." (Emphasis added.)

The use of the disjunctive "or" in that statute appears to make it clear that different sets of essential elements constitute different offenses even though the victim is the same person. This was the conclusion reached and position taken by the court in *State* v. *Ferguson* (1964), 175 Ohio St. 390, in the first paragraph of the syllabus:

"1. The killing of another purposely and in perpetrating or attempting to perpetrate a robbery and the killing of the same person purposely and of deliberate and premeditated malice are *separate and distinct offenses* of first degree murder and, under Section 2901.01, Revised Code, may properly be charged in separate counts of an indictment." (Emphasis added.)

The court explained as follows, at page 394:

"Murder committed in the perpetration of a robbery and murder committed with deliberate and premeditated malice are *not one and the same offense,* even *though the victim is one and the same person.* The test to be applied here is: Are the facts necessary to secure a conviction un-

der one count of the indictment sufficient to secure a conviction under the other count. If the facts which would support a conviction under one count would not necessarily support a conviction under the other count, then the *offenses charged are separate and distinct crimes, although the offenses charged may have been committed by the same act or acts.*" (Emphasis added.)

There, the distinction is clearly made between "offense" and "act."

It must also be remembered that an indictment, to be sufficient, must allege *inter alia* an offense. R. C. 2941.03 provides, in part:

"An indictment or information is sufficient if it can be understood therefrom:

"* * * *

"(D) That an offense was committed at some place within the jurisdiction of the court * * *."

The charge in an indictment or in a count of an indictment is an "offense" if properly alleged.

The provisions of R. C. 2941.04 are also helpful. They are as follows:

"An indictment or information may charge two or more different offenses connected together in their commission, or different statements of the same offense, or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more indictments or informations are filed in such cases the court may order them to be consolidated.

"The prosecution is not required to elect between the different offenses or counts set forth in the indictment or information, but the defendant may be convicted of any, number of the offenses charged, and each offense upon which the defendant is convicted must be stated in the verdict. The court in the interest of justice and for good cause shown, may order different offenses or counts set forth in the indictment or information tried separately or divided into two or more groups and each of said groups tried separately. A verdict of acquittal of one or more counts is not an acquittal of any other count."

One of the pertinent provisions of this statute is that which demonstrates that the Legislature considered (and did not prohibit) that different offenses arising out of the same criminal act may be charged in different indictments and that if such be the case "the court *may* order them to be consolidated." (Emphasis added.)

This procedure is in line with the decision in *Rodriguez* v. *Sacks* (1962), 173 Ohio St. 456. At page 457, we find the following language with reference to the meaning of R. C. 2941.32:

"The petitioner is confused as to the meaning of this section which relates to two indictments for an *identical crime arising out of the same criminal act. The purpose of this section is to prevent multiple prosecutions of an accused* for the identical offense growing out of the same criminal act. * * *" (Emphasis added.)

The defendant, in this appeal, is *not* being prosecuted for the "identical offense" as that in case number 543B. The offenses may have grown out of the same criminal act but, as the court held in *Ferguson,* they "are separate and distinct offenses of first degree murder." See also *State* v. *Strozier* (1972), 32 Ohio St. 2d 62:

The trial judge, in his opinion, makes the following statement:

"The Prosecutor is maintaining that there are two independent 'criminal acts.' One being 'Premeditation' and the second the 'Felony' aspects. It is the opinion of this court that the 'criminal act' upon which the actions are predicated is the First Degree Murder. It is further the opinion of the Court that the 'criminal act' charge [sic] in Case No. 72CR-03-543(B) is the same 'criminal act' charged in case No. 72CR-10-1418(A). We, therefore, find that it was mandatory for the Prosecutor, under the statute, to elect which case he intended to try, or to have indicted jointly. Hence, the Court feels that the statute makes it mandatory that the Court quash the 'remaining' indictment which, of course, is Case No. 72CR-10-1418(A)."

For the reasons already given, we do not agree with this finding and conclusion. The first assignment of error is well taken.

The trial court also appears to find that to put the defendant to trial under 1418A would be to place him in double jeopardy. Counsel for appellant assign this as the court's second error.

The applicable provision of the Constitution of the United States is found in the Fifth Amendment and is as follows:

"* * * [N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *."

In commenting on this clause, in *Ashe* v. *Swenson* (1970), 397 U. S. 436, Justice Brennan said, at page 450:

"This guarantee is expressed as a prohibition against multiple prosecutions for the 'same offense.' "

Obviously, we agree with this statement. It must be observed that Justice Brennan and the Fifth Amendment refer to the "same offense."

To the same effect is Section 10, Article I of the Constitution of Ohio. It provides in part that:

"No person shall be twice put in jeopardy for the same offense."

In construing this section, the court in *State* v. *Rose* (1914), 89 Ohio St. 383, stated, at page 386:

"The words 'same offense' mean same offense, not the same transaction, not the same acts, not the same circumstances or same situation. * * *"

At page 387, the court said:

"We hold that there is nothing here for this court to construe. Where there is no doubt, no ambiguity, no uncertainty as to the meaning of the language employed by the constitution-makers, there is clearly neither right nor authority for the court to assume to interpret that which needs no interpretation and to construe that which needs no construction."

These statements are as true and correct now as they were then. There is still nothing to interpret or construe.

The trial of this defendant on the charge in 1418A would not constitute placing the defendant in double jeopardy for the same offense. The second assignment of error is well taken.

In their third assignment of error, counsel for the

state appear to contend that the trial court erred in sustaining the motion to quash the indictment for the reason that the defendant waived any right that he had to have all charges against him joined "in a single prosecution" by objecting to the state's motion to consolidate the trials on both indictments.

We are of the opinion that there is nothing before this court upon which a decision can be reached either on the question as to whether the defendant had a *right* to have *all charges* joined "in a single prosecution" or, if he did, whether he waived that right. Therefore, we consider this assignment as not well taken.

For the reasons given, it is the opinion of the court that the judgment of the court of common pleas be reversed and that this case be remanded to that court for further proceedings according to law.

*Judgment reversed.*

Troop, P. J., and Whiteside, J., concur.

Gessaman, J., retired, of the Common Pleas Court of Franklin County, sitting by assignment in the Court of Appeals.