James Daniel BRAMLETT, Plaintiff-
in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

June 25, 1974.

Certiorari Denied by Supreme Court
Nov. 4, 1974.

Bruce S. Conley and David G. Hayes, Union City, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Fleming Hodges, Dist. Atty. Gen., Dyersburg, Othal Smith, Jr., Asst. Dist. Atty. Gen., Union City, Clark P. Moss, Asst. Dist. Atty. Gen., Dyersburg, for defendant in error.

## OPINION

RUSSELL, Judge.

James Daniel Bramlett appeals his second degree murder conviction and ten (10) to fifteen(15) year penitentiary sentence.

Bramlett's thirteen-year-old sister-in-law was brutally stabbed to death in her home. Suspicion was directed toward plaintiff-in-error when a witness placed him in his car near the death scene, contrary to an oral account of his whereabouts previously spontaneously given. After considerable questioning Bramlett confessed in writing to the crime. He did not testify upon the trial, and offered little in the way of proof of any kind.

Nineteen assignments of error are urged as grounds for reversal. The indictment was attacked upon the trial by both a motion to quash and a demurrer, the ground of complaint being that T.C.A. § 39–2402, as substituted into the criminal code by Chapter 192 of the Public Acts of 1973, and which purported to give a new definition to first degree murder and set a new formula for the setting of punishment therefor, was an unconstitutional act and that fact was said to completely undercut the validity of this indictment and subsequent second degree murder conviction.

The indictment in this case was in regular common law form, without reference to the new (or any) statute. Obviously, therefore, a motion to quash was inapplicable, because no defect appeared upon the face of the indictment. A motion to quash reaches only such patent defects. Raine v. State, 143 Tenn. 168, 226 S.W. 189. Nor was the indictment demurrable, since it clearly stated an offense (1) under the common law, (2) under T.C.A. § 39–2402 before the attempted substitution of a new statute by Chapter 192 of the Public Acts of 1973, and (3) under the purported new T.C.A. § 39–2402. Obviously, if the new statute is unconstitutional, as has since been held by our Supreme Court in State v. Hailey, 505 S.W.2d 712, filed February 4, 1974, because the purported Act was broader than its caption, then its repeal of the prior T.C.A. § 39–2402 was ineffective, leaving that statute in full force and effect. And, even if not, the common law offense of first degree murder was clearly set out in the indictment sub judice. Hence, a demurrer to the indictment was properly overruled. It clearly stated an indictable offense. Second degree murder, the offense actually convicted of, was included thereunder as a matter of law; and any confusion relative to punishment for first degree murder was rendered moot in this case by the verdict.

Many assignments of error go to the root question of the admissibility of Bramlett's written confession. A lengthy jury-out hearing was held to ventilate claims of coercion. The trial court found, on sufficient evidence, that the Miranda warnings were given, a written waiver of

the right to an attorney's presence and consent to interrogation executed, and that the confession was voluntarily made. Admittedly Bramlett three times asked to telephone his father, and the request was refused; but he was of age, his wife was present on the premises and he had waived his right to have a lawyer present. Significantly, when Bramlett testified on the admissibility issue he at no time indicated that the confession was untrue, but insisted that its content was irrelevant to its admissibility. We hold that the confession was admissible.

 We hold that the identification of plaintiff-in-error by witness Ora Willett as having been in the crime area was legal. The witness had told officers that he saw a man driving a car of the make and model owned by the defendant, and the officers, during a clearly investigatory stage, arranged to get Bramlett outside his abode to his car at a time when the witness was brought by and could view him and his car. The witness advised the officers that Bramlett was the man seen. This was contrary to Bramlett's story about his whereabouts, and for the first time really focused suspicion upon him. This was not an illegal showup. The witness had not seen the crime and was not necessarily identifying a criminal. Bramlett was no more than a possible suspect.

Error is assigned upon the introduction into evidence of clothing and a knife obtained from the defendant. We find no illegality in the obtaining of these items and none is suggested.

Complaint is registered against the introduction into evidence of certain incriminating oral statements of the defendant written copies of which had not been furnished pre-trial to defense counsel. These statements had not been reduced to writing, so there was no requirement that copies be furnished in that context. See T.C.A. § 40-2441.

The admissibility of photographs of the victim is questioned. We find no abuse of the trial judge's discretion. See Freshwater v. State, 2 Tenn.Cr.App. 314, 453 S.W.2d 446.

There was no error in the trial court's refusal to direct a verdict of not guilty of first degree murder; nor did the trial court abuse his discretion in controlling the order of proof during the suppression hearing; nor was it error to rule out the testimony of Bramlett and his father "as to the action that would have been taken if the defendant had been allowed to telephone his father: nor was it error to permit the medical examiner to testify that the knife taken from the defendant could have caused the fatal wounds to the victim.

We have carefully examined all questions raised upon this appeal and find no reversible error. The guilt of Bramlett is well established by his own words, and the jury dealt mercifully with him. We affirm the conviction.

WALKER, P. J., and O'BRIEN, J., concur.