Jimmy TOSH, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Feb. 13, 1975.

Certiorari Denied by Supreme Court
Aug. 18, 1975.

H. Morris Denton, Bolivar, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., Tom Jennings, Asst. Atty. Gen., Nashville, Will Terry Abernathy, Dist. Atty. Gen., Selmer, Preston Parks, Asst. Dist. Atty. Gen., Somerville, Joe C. Davis, Sp. Prosecutor, Lexington, for defendant-in-error.

## OPINION

WALKER, Presiding Judge.

From his conviction of murder in the first degree with life imprisonment, the defendant below, Jimmy Tosh, appeals in error first contending that the trial judge erroneously instructed the jury as to the time when he would be eligible for parole under a life sentence.

The evidence showed that about 1:00 A.M. on August 19, 1973, the defendant and one Dwight Mathis went to the home of Neely E. Allen in Hardeman County for the purpose of robbing him; Mathis knocked on the front door, asking to use the telephone, and when Mr. Allen opened the door the defendant immediately fatally shot him with a 16 gauge shotgun. Allen's wife and granddaughter were in the house and the defendant and Mathis took about $1500 and fled.

The defendant, after proper warning, voluntarily confessed to the crime. Mrs. Allen positively identified him at the trial. In his testimony at the trial, he admitted his participation but contended he shot Allen because Mathis told him to do so. The jury rejected the defendant's claim of insanity.

In his instructions, the trial judge charged the jury that under TCA 40–3613 no convict serving a life sentence shall be paroled until he has served for 25 years, less diminution, which would have been allowed for good conduct had his sentence been for 25 years. At the time of the trial, however, Chapter 370 of the Public Acts of 1973 had become effective deleting the 25-year provision, and had modified TCA 40–3613 so that a person serving a life sentence would not become eligible for parole until he had been confined or served a term of not less than 30 full calendar years.

The defendant and the state agree that the jury was erroneously instructed on the parole law. The defendant contends that a reversal and retrial on all issues is required. The state submits the case without recommendation but argues that since the error goes only to punishment and not to guilt or innocence no new trial is needed. It says the court should (1) modify the sentence to the minimum for first degree murder, or (2) fix the sentence at 50 years whereby the defendant would be eligible for parole in 25 years, or (3) remand only for a determination of the amount of punishment.

From the evidence in this case, the defendant's guilt of first degree murder is fully established as found by the jury and this error goes only to the question of punishment. The defendant is not entitled to have the judgment of conviction reversed. Under the authority of *Hunter v. State*, Tenn., 496 S.W.2d 900, the case will be remanded only for a redetermination of punishment.

The defendant also complains that in his instructions the trial judge did not define "willfully," "maliciously," "deliberately" and "premeditatedly." These were elements set forth in the indictment drawn

in common law form. The defendant says the indictment does not properly charge felony murder and that this can be done only by two methods: (a) in the same count in the alternative as permitted by TCA 40–1806 or (b) in separate counts of the same indictment. Since neither method was used, he argues that it was reversible error for the court not to define these terms.

The court defined malice aforethought in the instructions.

In *Sullivan v. State*, 173 Tenn. 475, 121 S.W.2d 535, the defendant was indicted for murder in the common law form without charging that the homicide was committed in an attempt to commit one of the enumerated felonies. The court held that it was not necessary to charge in an indictment for murder that it was committed in the perpetration of another crime in order to introduce proof showing that a felony was attempted in committing it; it is sufficient to charge murder in the common form, and then upon proof of its commission in the perpetration of a felony, malice, deliberation and premeditation are implied. Since the evidence clearly showed that the homicide was committed in the perpetration of a robbery, the court did not err in failing to define willfulness, deliberateness, and premeditation. Under the facts shown here, it was not necessary for the state to prove these elements; therefore it was not required that they be defined in the instructions. This assignment is overruled.

Since it was not necessary for the trial judge to define these terms, he did not err in instructing the jury that if it found the defendant killed Mr. Allen in the perpetration of a robbery, and that at the time he knew right from wrong, he would be guilty of murder in the first degree. This assignment is likewise overruled.

This case is remanded for a redetermination of punishment.

MITCHELL, J., and HARWELL, Special Judge, concur.