**Johnnie L. BLAKE, Petitioner-Appellant,**

v.

**Robert V. MORFORD, Superintendent, Respondent-Appellee.**

No. 76–1639.

United States Court of Appeals, Sixth Circuit.

Argued June 23, 1977.

Decided and Filed Oct. 7, 1977.

Johnnie L. Blake, Robert E. Owens, Jr., Cincinnati, Ohio, for petitioner-appellant.

R. A. Ashley, Jr., Atty. Gen. of Tennessee, William J. Haynes, Jr., Nashville, Tenn., for respondent-appellee.

Before EDWARDS and PECK, Circuit Judges, and WEINMAN,* Senior District Judge.

JOHN W. PECK, Circuit Judge.

Appellant Blake was indicted by a Shelby County, Tennessee, grand jury on the charge that he "did unlawfully, feloniously, wilfully, deliberately, premeditatively, and of malice aforethought kill and murder Sandra Lee Mulherin." Appellant's first trial resulted in a mistrial, but at his second trial, he was convicted by a jury of first degree murder as charged in the indictment and was sentenced to ninety-nine years imprisonment. The conviction was affirmed by the Tennessee Court of Criminal Appeals, and the Tennessee Supreme Court denied appellant's petition for certiorari. Appellant then filed this petition for a writ of habeas corpus. The district court denied the petition. We affirm.

Appellant had been employed as a handyman by the victim and her husband. On May 8, 1973, the victim's husband returned home from work and found his wife on the floor of a guest room dead from stab wounds in the chest. The victim's neck and hands had been cut, her clothing was torn, her dress had been pulled up, and her underclothing had been pulled down. In addition, in the two days prior to the murder, the victim had cashed checks totaling $100, but when she was found dead, her purse contained only $13.

Circumstantial evidence tied appellant to the murder. Appellant admitted taking a knife, which was later discovered in a culvert near the home of the victim, from the home of his old girl friend to the victim's home. Appellant stated that he had taken the knife because the day before the murder, he had assaulted the girl friend, and her new boy friend was looking for him.

At about the time of the discovery of the body, appellant visited a Samuel Starks and asked him to wash some of his clothes because the clothes would get him into trouble. When Starks declined, appellant burned the clothes. At the time, appellant was observed to have a scratch around his ear and another scratch on his leg. His trousers had on them what looked like blood spots.

After appellant learned that police officers wanted to talk to him about the homicide, he fled to Florida, where he used an assumed name. Appellant was arrested in Florida and gave statements to police officers admitting that on the day of the murder, he had worked at the victim's home but denying that he had killed her. The jury at appellant's second trial, as indicated above, accepted the state's theory of the case that appellant had committed the murder.

■ Appellant now is before this Court, claiming that the State of Tennessee violated his constitutional rights. Appellant presents several grounds upon which he bases his claim that he is entitled to habeas corpus relief,[1] but we conclude that only one of the issues raised merits discussion.[2]

---

* Honorable Carl A. Weinman, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation.

1. Appellant raised three issues before the district court and on appeal. First, he contended that he was convicted on charges not a part of the indictment. Second, he contended that he was denied a fair and impartial jury of his peers because blacks and women were not seated. Third, he contended that the jurors were coerced by the state trial court to the prejudice of his constitutional rights by the trial judge's giving of the "Allen charge."

2. Appellant admitted in his petition for writ of habeas corpus that he had not raised his allegation that he was denied a fair and impartial jury and thus with respect to that allegation he did not exhaust his state remedies. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). We reject appellant's claim that in the circumstances of this case, his constitutional rights were prejudiced by the state trial court's action in giving the *Allen* charge. The challenged instruction was given to prospective jurors at the second trial in the case during voir dire and not when the jury was deadlocked after hearing the evidence. Moreover, defense

■ Appellant argues that he was denied due process of law under the Fourteenth Amendment because at his state court trial he was convicted on a charge of felony-murder when the indictment only charged first degree premeditated murder. Appellant thus contends that this Court's recent decision in *Watson v. Jago,* 558 F.2d 330 (6th Cir. 1977), mandates the reversal of the district court.

In *Watson v. Jago, supra,* appellant Watson was indicted under the existing Ohio first degree murder statute for premeditated murder. At his state court trial, the prosecution, in its opening statement and through its presentation of witnesses, announced that it would show and then attempted to establish not only that appellant Watson had killed the victim with premeditation (in an effort to prove premeditated murder), but also that appellant Watson was engaged in a robbery at the time of the murder, constituting felony-murder. The Ohio Supreme Court had held, however, that although both felony-murder and premeditated murder were included in the same paragraph of the then existing Ohio first degree murder statute, felony-murder and premeditated murder constituted separate offenses. *State v. Ferguson,* 175 Ohio St. 390, 195 N.E.2d 794 (1964). Under Ohio law, appellant Watson could not be convicted of the offense of felony-murder unless he was indicted for that crime. Consequently, this Court concluded that the state trial court had permitted a constructive amendment of the indictment by allowing the prosecution effectively to add a charge of felony-murder. We held that, by such an amendment to the indictment, appellant Watson had been deprived of fair notice of the criminal charges to be brought against him in violation of the Due Process Clause of the Fourteenth Amendment and was entitled to habeas corpus relief.

■ Despite our holding in *Watson,* one of the appellee's arguments is that in habeas corpus proceedings, the question of the

sufficiency of an indictment does not raise a constitutional issue. This argument has merit when the notice given in the indictment fairly but imperfectly apprises the accused of an offense for which he is to be tried. *See Via v. Perini,* 415 F.2d 1052 (6th Cir. 1969); *Kimbro v. Bomar,* 333 F.2d 755 (6th Cir. 1964). Such cases, however, do not involve the very different situation present in *Watson v. Jago, supra,* when a constitutional violation occurs because an accused is not given proper notice in the indictment of an offense for which he is to be tried.

In neither *Via v. Perini, supra,* nor *Kimbro v. Bomar, supra,* was there a failure of notice. In *Via v. Perini,* the petitioner had been indicted and convicted on two counts of breaking and entering and on one count of assault with a deadly weapon. Petitioner's objection, which was totally without merit, was that the indictment could not properly charge him with three offenses. In *Kimbro v. Bomar,* the petitioner was indicted for murder in the first degree and murder in the perpetration of a robbery. The jury found the petitioner guilty of murder in the first degree as charged in the second count of the indictment. In seeking habeas corpus relief, the petitioner alleged that the indictment was defective. This Court observed that under Tennessee law, felony-murder was first degree murder and held that whatever defect might have existed in the indictment, there was no constitutional error in the circumstances of the case.

Thus, appellant raises a constitutional issue by alleging that he was convicted on a charge not stated in the indictment. We believe, however, that the present case is not controlled by *Watson v. Jago, supra.* In the present case, the Tennessee state court was not requested to and did not permit a constructive amendment of the indictment when the prosecution presented proof showing that there had been a rape and a robbery committed in the perpetration of the murder.

counsel opened the door to the trial judge's action when he addressed the prospective jurors about their duties as jurors to listen to the

views of fellow jurors but did not correctly state what those duties were.

Although the appellant was charged in the indictment only for premeditated murder and the indictment did not state that another felony had been committed in the perpetration of the murder, the wording of the indictment was in the common law form. Such a procedure has long been permissible under Tennessee law, even with the existence of murder statutes. *Campbell v. State*, 491 S.W.2d 359 (Tenn.1973); *Taylor v. State*, 79 Tenn. 708 (1883); *Poole v. State*, 61 Tenn. 288 (1872); *Witt v. State*, 46 Tenn. 5 (1868); *Bramlett v. State*, 515 S.W.2d 895 (Tenn.Cr.App.), *cert. denied*, (1974).

In a case of a murder indictment stated in common law form, the applicable Tennessee law was laid down by the Tennessee Supreme Court in *Sullivan v. State*, 173 Tenn. 475, 121 S.W.2d 535 (1938). There the defendant was indicted for murder, and as in the present case, the indictment stated the murder charge in the common law form and did not charge that the homicide was committed in an attempt to commit one of the enumerated felonies in the Tennessee felony-murder statute. At trial, proof of another felony committed in the perpetration of the murder was admitted into evidence. The Tennessee Supreme Court held that when an indictment charges murder in the common law form, it is not necessary for the indictment to charge also that the homicide was committed in the perpetration

of another crime in order to introduce proof showing that another felony was attempted in committing the murder because from such proof, premeditation, malice, and deliberation can be implied. See *State v. Black*, 524 S.W.2d 913, 915 (Tenn.1975).[3]

In *Sullivan v. State, supra,* 173 Tenn. 475, 121 S.W.2d 535, the Tennessee Supreme Court was simply applying the common law of murder to cases involving murder indictments stated in common law form, because "[a]t common law there was but one kind of murder." *Farmer v. State*, 201 Tenn. 107, 114–15, 296 S.W.2d 879, 883 (1956). Evidence of another felony committed in the perpetration of a murder was not viewed as supporting the conviction of a defendant for a separate offense.[4]

*Sullivan v. State, supra,* 173 Tenn. 475, 121 S.W.2d 535, was recently followed by the Tennessee Court of Criminal Appeals in *Tosh v. State*, 527 S.W.2d 146 (Tenn.Cr. App.), *cert. denied,* (1975), which rejected an argument very similar to that raised by appellant in the present case. The conclusion follows that it was proper for the evidence of the rape and robbery to be admitted at appellant's trial in order to prove premeditation and thereby support appellant's conviction of first degree murder as charged in the indictment. There was no constructive amendment of the indictment because appellant was tried and convicted for the offense stated in the indictment.

---

**3.** The Tennessee Supreme Court in *Sullivan v. State,* 173 Tenn. 475, 481–82, 121 S.W.2d 535, 537 (1938), stated that:

At common law it was not necessary to charge in an indictment for murder that the murder was committed in the perpetration of another crime, in order to introduce proof showing that a felony was attempted in committing it; it was sufficient to charge murder in the common form, and then, upon proof that it was committed in the perpetration of a felony, malice, deliberation, and premeditation were implied.

In *Watson v. Jago,* 558 F.2d 330 (6th Cir. 1977), by contrast, the evidence of an attempted robbery was intended to prove the separate offense of felony-murder.

**4.** In 1974, Tennessee amended the statutory definition of first degree murder so as to modify what essentially had been a codification of the common law in the prior statute. *See*

Cook, Criminal Law in Tennessee in 1974: A Critical Survey, 42 Tenn.L.Rev. 187, 190–92 (1975). In contrast to the common law, under the present Tennessee first degree murder statute, T.C.A. § 39–2402 (Supp.1974), felony-murder and premeditated murder appear to be separate offenses. *See State v. Black,* 524 S.W.2d 913, 916–20 (Tenn.1975). T.C.A. § 39–2402 provides in pertinent part:

An individual commits murder in the first degree if:

(1) he commits a willful, deliberate, malicious and premeditated killing or murder;

. . .

(4) he commits a willful, deliberate and malicious killing or murder during the perpetration of any arson, rape, robbery, burglary, larceny, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb.

We hold that appellant was not deprived of fair notice of the criminal charges to be brought against him.[5] Appellant was not tried and convicted on a charge not made in the indictment. Rather, appellant's indictment effectively advised him that under Tennessee law, proof that another felony committed in the perpetration of the murder could be admissible evidence, from which premeditation could be implied, to convict him under the indictment. While *Watson v. Jago, supra,* reaffirmed the principle that a person is entitled to fair notification of an offense for which he is to be tried, *Watson* is inapposite to the present case because appellant Blake received such notice.

The judgment of the district court is affirmed.

---

5. The present case also does not involve the double jeopardy implications contained in *Watson v. Jago, supra.* In that case, appellant Watson's conviction for second degree murder would not have precluded his being tried and convicted for felony-murder. *Watson v. Jago, supra,* 558 F.2d at 339, n. 7; *Lowther v. Maxwell,* 347 F.2d 941 (6th Cir. 1965); *State v. Trocodaro,* 40 Ohio App.2d 50, 317 N.E.2d 418 (1973). Yet, appellant Watson had essentially been tried for felony-murder when being tried for premeditated murder. In the present case, appellant Blake's conviction for murder as charged in the indictment would preclude another trial and conviction for felony-murder. The proof of the rape and robbery supported the conviction of appellant Blake because premeditation was implied from that proof. Thus, there would be, for double jeopardy purposes, an identity of offenses in felony-murder and first degree murder as charged in the indictment because the same evidence would be required to prove the two offenses. *State v. Black, supra,* 524 S.W.2d at 916–20; *Duchac v. State,* 505 S.W.2d 237 (Tenn.1973), *cert. denied,* 419 U.S. 877, 95 S.Ct. 141, 42 L.Ed.2d 117 (1974).

Nor was counsel for appellant Blake deprived of sufficient time to prepare a defense. In the present case, appellant's counsel knew that under the indictment, Tennessee law would permit at trial the admission of evidence of another felony committed in the perpetration of the murder in order to prove premeditation, and there was no question that the murder with which appellant was charged took place in the perpetration of a rape and robbery. In *Watson v. Jago, supra,* it was at trial that counsel for appellant Watson was first apprised that the State of Ohio would be seeking the conviction of his client for felony-murder, and it had not been clear that a robbery attempt at the time of the murder had taken place. While appellant Watson's counsel mounted an extremely effective defense against the felony-murder charge notwithstanding the lack of fair notice, in the present case appellant Blake's counsel had fair notice of the criminal charge and thus could not have been prejudiced for lack of sufficient time to prepare a defense.