**STATE of Tennessee, Appellee,**

v.

**Bobby C. GREER, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 9, 1983.

Permission to Appeal Denied by Supreme Court Aug. 1, 1983.

Stephen M. Wallace, Bristol, Bobby Ray Tate, Kingsport, for appellant.

William M. Leech, Jr., Atty. Gen. and Reporter, Wayne E. Uhl, Asst. Atty. Gen., Nashville, R. Jerry Beck and H. Greeley Wells, Asst. Dist. Attys. Gen., Blountville, for appellee.

### OPINION

DWYER, Judge.

This is a conviction for committing the offense of murder in the first degree,

T.C.A. § 39–2–202, with punishment set at life imprisonment.

The issues: (1) whether the evidence was sufficient to support the verdict; (2) whether appellant may complain about hearsay statements elicited by appellant during cross-examination; and (3) whether the trial judge erred in its charge to the jury regarding malice.

The victim was Holbert Greer, a seventy-year-old man who operated the Twin Oaks Grocery Store in the rural community of Harr in Sullivan County. His living quarters were located in the back of the small store. The decedent had the habit of carrying large sums of money in his pockets, and this was public knowledge because he would cash checks for store customers.

On the late evening hours of May 26, 1981, a customer found Holbert's body on the floor of his bedroom. He was dead from five gunshot wounds to his body and his pants pockets were turned inside out. There was no money on the victim's person and a comparison of store receipts showed that money was missing.

The ensuing investigation uncovered the fact that the decedent's nephew (the appellant) had borrowed sums of money from his uncle on many occasions. It was also learned that, prior to the homicide, appellant was seen in possession of a small caliber revolver. Witnesses offered by the State testified that in April of 1981 appellant expressed anger because his uncle had refused to loan him money and made threats to the effect that he would kill Holbert or "rub him out". The appellant, an admitted alcoholic, pawned a saw for twenty dollars on the day of the homicide.

Brenda Rutherford, the ex-wife of Coy Rutherford, a co-indictee in the slaying, testified that on the date of the murder appellant visited the trailer she occupied with her husband and his twin brother Roy. She heard the appellant tell Coy and Roy that they ought to rob Holbert. She noticed that appellant had a pistol in his pants. The three watched television until around 9:30 p.m. and then left the trailer. When they returned about two hours later, appellant was carrying a paper sack, from which he gave each brother a hundred dollars. At one point, appellant stated that he ought to kill them all so that there would be no witnesses. When Brenda awoke on the 27th the appellant was gone. Later that day, appellant returned and instructed them on what story to tell the police.

During the cross examination of this State's witness Brenda related that on the night of the murder, Coy told her that appellant had killed Holbert.

The appellant testified that he had been drinking on the 26th and at the time of the killing was asleep in the Rutherford's trailer. He denied killing his uncle or ever making any threats against him.

■ Under the evidence as narrated, we can readily understand why a jury accredited the theory of the State and rejected appellant's alibi defense. State v. Tuggle, 639 S.W.2d 913 (Tenn.1982). While it is true that the evidence is largely circumstantial, it is consistent with his guilt and inconsistent with his innocence. Duchac v. State, 505 S.W.2d 237 (Tenn.1973). Appellant threatened to "rub out" his uncle; he was carrying a pistol on the night of the killing; he stated his intention to rob Holbert; he left the trailer and returned with money, which he divided with the Rutherfords; he stated that he should kill the Rutherfords so that there would be no witnesses; and he instructed the Rutherfords on what to tell the police. These are but some of the facts upon which the jury found appellant's guilt beyond a reasonable doubt. The evidence amply meets T.R.A.P. 13(e)'s requirements. This issue is overruled.

■ The appellant is much aggrieved about Brenda's statement that Coy told her that appellant killed Holbert. He strenuously objects to the competency of the statement on hearsay and constitutional grounds. What he fails to stress is the fact that this evidence was brought out by appellant's cross examination. No objection was interposed at the time, and none was advanced until the conclusion of the cross

examination when the trial court, on its own motion, charged the jury as to the competency of statements in a conspiracy setting. Under these circumstances he cannot now be heard to complain. *Miller v. State*, 520 S.W.2d 729 (Tenn.1975); *Casone v. State*, 193 Tenn. 303, 246 S.W.2d 22 (1952). This issue is overruled.

Finally, appellant urges that the trial court's charge on malice improperly shifted the burden of proof on this element to him. With malice automatically supplied in felony-murder cases, as here, it need not be proven by the State. *Farmer v. State*, 201 Tenn. 107, 296 S.W.2d 879 (1956); *Tosh v. State*, 527 S.W.2d 146 (Tenn.Cr.App.1975). The court properly charged the jury that if they found the appellant guilty of murder in the perpetration of a robbery, it was not necessary for the State to prove that the killing was done with malice. This issue overruled, the judgment of the trial court is affirmed.

CORNELIUS and SCOTT, JJ., concur.