842 F.2d 333
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hubert RINGO, Petitioner-Appellant,
v.
John REES and David Armstrong, Attorney General of Kentucky,
Respondents- Appellees.
 No. 87-5551.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1988.
 
 Before CORNELIA G. KENNEDY and RYAN, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner-Appellant Hubert Ringo appeals from the judgment of the District Court denying his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. Sec. 2254. For the following reasons, we affirm.
 
 
 2
 In January of 1981 the petitioner was charged with one count of possession of a handgun by a convicted felon, Ky.Rev.Stat.Ann. Sec. 527.040, and one count of carrying a concealed deadly weapon, Ky.Rev.Stat.Ann. Sec. 527.020, in the Circuit Court of Jefferson County. He entered a guilty plea as to both counts of the indictment. The petitioner was sentenced to two sentences of two years, to run concurrently. On August 27, 1982 the petitioner filed a "Motion Pursuant to RCr 11.42 to Correct Record of Judgment," contending that his handgun possession conviction and his concealed deadly weapon conviction violated double jeopardy because they were both obtained by enhancing two prior convictions. The Jefferson Circuit Court overruled the motion on December 14, 1982. The Court of Appeals of Kentucky affirmed on June 15, 1984.
 
 
 3
 On December 10, 1984 the petitioner filed a pro se writ of habeas corpus in the U.S. District Court for the Western District of Kentucky. On January 26, 1987 the District Court granted, with respect to the three issues the petitioner presents on this appeal, the motion of Respondents-Appellees for summary judgment. The District Court ordered an evidentiary hearing as to the petitioner's claim that the police entrapped him. After the hearing, the District Court made findings of facts and conclusions of law, and dismissed the petitioner's petition.
 
 
 4
 The petitioner asserts that the failure of the indictment to state the prior conviction relied upon to enhance the charge of concealing a deadly weapon deprived him of due process. The petitioner points out that in Kentucky it is not a felony to carry a concealed deadly weapon unless the possessor has a prior felony conviction involving a deadly weapon. The petitioner pled guilty to the enhanced charge, a Class D Felony. By failing to state in the indictment the particular prior felony conviction upon which the state was relying to enhance the charge, petitioner contends, the state failed to notify the petitioner of the availability of a legal defense to the enhanced charge, specifically, the petitioner claims he would have defended on the grounds that the prior conviction was unconstitutional.
 
 
 5
 The sufficiency of an indictment does not raise a constitutional issue when the notice given in the indictment fairly but imperfectly apprises the accused of an offense for which he is to be tried. Blake v. Morford, 563 F.2d 248, 250 (6th Cir.1977), cert. denied, 434 U.S. 1038 (1978). An indictment violates the Constitution only when it fails to properly notify the accused of an offense for which he is to be tried. Id.
 
 
 6
 The District Court held that the omission in the indictment did not deprive the petitioner of due process, noting that "[The petitioner] does not deny knowledge that he had a previous conviction; indeed, his affidavit recites that he was on probation at the time of the arrest on the charges challenged here." Memorandum Opinion at 3.
 
 
 7
 The petitioner relies on Russell v. United States, 369 U.S. 749 (1962). In that case, the petitioners were convicted of violating 2 U.S.C. Sec. 192, which makes it a misdemeanor for any person summoned to testify before a committee of Congress to refuse to answer "any question pertinent to the question under inquiry." The indictments stated that the questions that the petitioners refused to answer were pertinent to the subject under subcommittee inquiry, but failed to identify what the subject was. The Court held that the indictments were inadequate under 2 U.S.C. Sec. 194 because, among other reasons, the indictment failed adequately to apprise the petitioners of what they must be prepared to meet. Id. at 763-68. The District Court appropriately distinguished Russell from this case: "[In Russell ] the indictment gave no indication of what the questions might be, so the accused were completely unable to challenge any suggestion of "pertinency," were unable to know whether they had, in fact, refused to answer the questions, and were, in short, unable to prepare to meet the charges." Memorandum Opinion at 3. In contrast, the indictment in this case charged the petitioner with a particular felony, and he must have known that he had previously been convicted of a felony involving a deadly weapon. As such, the indictment sufficiently notified the petitioner of the offense with which he was charged. Furthermore, as both the District Court and the respondents point out, under state law a defendant who pleads guilty waives any defect in the indictment other than the failure of the indictment to state an offense. Quarles v. Commonwealth, 456 S.W.2d 693, 694 (Ky.App.1970).
 
 
 8
 The petitioner also contends that Ky.Rev.Stat.Ann Sec. 527.040, which prohibits convicted felons from possessing handguns, violates the section 1(7) of the Kentucky Constitution, which states that "[a]ll men ... have certain inherent and unalienable rights, among which may be reckoned: ... Seventh: The right to bear arms in defense of themselves and of the state." However, in Eary v. Commonwealth, 659 S.W.2d 198, 200 (1983) the Supreme Court of Kentucky upheld the constitutionality of the statute. That decision is binding on this Court. Mathis v. Eli Lilly & Co., 719 F.2d 134, 141 (6th Cir.1983) (When presented with a challenge to the constitutionality of a state statute under a state constitution, a federal court must look to the decisions of the state Supreme Court).
 
 
 9
 Accordingly, we AFFIRM the judgment of the District Court.