IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION

FILED

July 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RONALD RICKMAN, | ) | |
| | ) | |
| Appellant, | ) | No. 02C01-9608-CR-00252 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable Carolyn Wade Blackett, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction - Capital Case) |
| | ) | |
| Appellee. | ) | |

**CONCURRING OPINION**

_____I concur in the majority opinion's results and most of its reasoning. However, I disagree with its assessment of the record relative to the potential involvement of State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992), for consideration of the appellant's claims raised regarding jury unanimity and use of the commission of a felony aggravating circumstance in a felony murder case.

The majority opinion states that there is no Middlebrooks issue to consider because only one offense, premeditated and deliberate murder, was included in the indictment and presented to the jury for consideration. Slip op. at 11-13, nn.10 & 12. In support, it cites to the trial court's instructions in the convicting trial, stating that although they contained a complete statutory definition of first degree murder, including felony murder, the full context of the instructions show "that the trial court did not intend to have the jury apply the felony murder doctrine to this case." Slip op. at 13, n.12.

However, I believe that the record reflects that the issue of felony murder was placed before the jury in the guilt phase of the trial. As a starting point, I note that

as a matter of law and pleading practice before the wholesale changes in our criminal code in 1989, proof of a killing in the perpetration of a statutorily enumerated felony (felony murder) supported and sustained a conviction for first degree murder even though the allegations of the indictment were in terms of a premeditated and deliberate murder (known as the common law form of murder).  See State v. Johnson, 661 S.W.2d 854, 860-61 (Tenn. 1983); Tosh v. State, 527 S.W.2d 146, 148 (Tenn. Crim. App. 1975); Sullivan v. State, 173 Tenn. 475, 121 S.W.2d 535, 537 (1938).  Thus, the allegations legally encompassed more than just a premeditated and deliberate murder.

Also, the complete first degree murder instruction in the appellant's case carries a different context than that presented by the majority opinion in that it placed before the jury the option of finding first degree murder based upon the appellant's killing the victim during the perpetration of, or the attempt to perpetrate, rape, robbery, or kidnapping, three felonies also raised by the evidence.  The relevant instruction is as follows:

### MURDER IN THE FIRST DEGREE

Section 39-2402 of Tennessee Code Annotated provides as follows:

(a) Every murder perpetrated by means of poison, lying in wait, or by any other kind of willful, deliberate, malicious, and premeditated killing, or committed in the perpetration of, or attempt to perpetrate, any murder in the first degree, rape, robbery, or kidnapping, is murder in the first degree.

Rape is the unlawful carnal knowledge of a woman, forcibly and against her will.  Carnal knowledge is accomplished by the commencement of a sexual connection, and proof of emission is not required.

Carnal knowledge is the insertion of the male organ of the male, to some extent, however slightly, into the female organ or private parts of a female, and if it is done forcibly and against the will of the female, it is rape.

Robbery is the felonious and forcible taking from the person of another goods or money of any value, by violence or putting the person in fear.

Kidnapping is defined in T.C.A. Sec. 39-2601 as follows:

2

Any person who forcibly or unlawfully confines, inveigles, or entices away another, with the intent to cause him to be secretly confined, or imprisoned against his will, or to be sent out of the state against his will must, on conviction, be imprisoned in the penitentiary.

Under this definition of Murder in the First Degree the killing must be done willfully, that is of purpose, with the intent that the act by which the life of the party is taken should have that effect; Deliberately, that is, with a cool purpose; Maliciously, that is, with malice aforethought.

When the act of killing is not done during the commission of a rape, robbery, or kidnapping, in order to make it murder in the first degree not only must the killing be done willfully, deliberately and maliciously, but it must also be done with premeditation, that is a design to kill must be formed coolly and deliberately and before the act is performed by which death is produced and the killing must be the cool and deliberate act of the slayer.

This is the distinctive feature of murder in the first degree, as charged in the indictment. It is not necessary that the cool and deliberate design to kill should have been conceived or pre-existed for any period of time anterior to the killing. It is sufficient if it precede the killing, however short the interval of time may be; for the length of time is not the essence of this element of this offense. The purpose to kill is no less premeditated, in the legal sense of the term, if it was deliberately formed but a moment before the killing, than if it had been formed an hour before. The mental state of the slayer at the time of the killing, rather than the length of time the act may have been premeditated, is the material point to be considered. The question of importance is, was the mind of the slayer, at the time of the killing, so far free from excitement or passion as to be capable of premeditation, as before explained, and was the death of the party slain the object sought to be accomplished by the slayer?

These instructions show that the trial court did not give the full statutory definition of first degree murder to the jury, but only the part that related to the facts in the case. Moreover, the trial court's defining the particular felonies raised by the evidence that would lead to a first degree murder conviction through felony murder leads me to believe that it intended to give the jury the option of felony murder, certainly not to preclude it.

I also note that based only upon the guilt phase evidence, the jury found beyond a reasonable doubt at the sentencing phase that the defendant committed the murder during the commission of or the attempt to commit rape, robbery, and kidnapping.  Thus, the record shows that the jury found that the factual elements of felony murder existed beyond a reasonable doubt from the guilt phase proof.

In Schad v. Arizona, 501 U.S. 624, 111 S. Ct. 2491 (1991), a plurality of four justices considered premeditated murder and felony murder, as provided by an Arizona statute, to constitute alternative, equivalent means of committing the single crime of first degree murder.  Id. at 642-44, 111 S. Ct. at 2502-03.  Thus, in their view, it was not constitutionally necessary for a jury to be unanimous as to which of the two methods was used.  A fifth justice considered the two means of first degree murder and the use of a general verdict thereon to have been so deeply established in American jurisprudence that the practice conforms with the requirements of the Due Process Clause.  "Submitting killing in the course of a robbery and premeditated killing to the jury under a single charge is not some novel composite that can be subjected to the indignity of 'fundamental fairness' review.  It was a norm when this country was founded, was the norm when the Fourteenth Amendment was adopted in 1868, and remains the norm today."  501 U.S. at 651, 111 S. Ct. at 2507 (Scalia, J., concurring).  Thus, jury unanimity as to whether the murder was committed during the perpetration of a felony or premeditatedly is not of federal constitutional significance, at least in terms of the historical definitions of those two forms of murder.

However, there is a significant difference under our state constitution.  That is, the issue of whether the jury was unanimous in its decision that the appellant in the present case committed, in fact, a willful, malicious, premeditated and deliberate murder becomes important because Middlebrooks forecloses the use of the commission of a felony aggravator for capital sentencing purposes when a defendant is

4

found guilty of only felony murder.  Thus, to the extent that any juror in a capital case bases his or her decision on the fact that the accused committed, in fact, a felony murder -- not a premeditated and deliberate one -- one must reckon with Middlebrooks.

My analysis, though, does not avail the appellant any relief in this case. As for the issue of whether all jurors found the appellant guilty, in fact, of a premeditated and deliberate murder, I believe that the answer is yes.  Simply put, the evidence of the murder being a contract killing and of the way the victim was killed forecloses any reasonable doubt about the fact that the appellant committed a premeditated and deliberate murder and that the jurors so found.  This would mean that Middlebrooks would be of no consequence even if a juror also found that the appellant committed a felony murder.  Thus, I concur that the dismissal of the post-conviction petition should be affirmed.

_____
Joseph M. Tipton, Judge